THE GLOBE MUTUAL LIFE INSURANCE ASS'N OF CHICAGO

*v.*

DORA WAGNER.

*Opinion filed December 20, 1900.*

1. INSURANCE—*effect, on policy, of applicant's unconscious misrepresentation.* In the absence of explicit, unequivocal stipulations requiring such an interpretation, it should not be inferred that a life policy was accepted or issued with the understanding that it should be void if any statements made in the medical examination should prove false, whether the insured knew of their falsity or not.

2. SAME—*when untrue answer in medical examination does not invalidate policy.* A statement in the applicant's medical examination that none of his brothers were dead is a representation and not a warranty, and the untruth of such statement does not invalidate the policy, in the absence of proof of fraud or intentional misstatement on the part of the insured.

*Globe Mutual Life Ins. Ass. v. Wagner,* 90 Ill. App. 444, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

Appellee, Dora Wagner, recovered a judgment of $250 in a suit in assumpsit, in the superior court of Cook county, against appellant, the Globe Mutual Life Insurance Association of Chicago, on a policy of insurance issued to her on the life of her son, Richard Wagner. The association appealed to the Appellate Court, where the judgment of the superior court was affirmed, and now prosecutes this further appeal, the Appellate Court hav-

ing certified that the cause involves questions of law of such importance as that it should be passed upon by the Supreme Court.

HOYNE, O'CONNOR & HOYNE, for appellant:

Statements in an application of insurance must be held to be warranties when they enter into and are made a part of the contract, and must be held to be representations, in contradistinction to warranties, when they form no part of the contract but were made only as an inducement to it. *Insurance Co.* v. *Robertson,* 59 Ill. 123; *Insurance Co.* v. *Rogers,* 119 id. 474; *Mutual Aid Ass.* v. *Hall,* 118 id. 173; *Insurance Co.* v. *Zeigler,* 69 Ill. App. 447; *Life Ass.* v. *Cummings,* 53 id. 530; *Jeffries* v. *Insurance Co.* 22 Wall. 47; *Insurance Co.* v. *Thomas,* 108 Ill. 91; *Life Ass.* v. *Young,* 77 Ill. App. 444; *Insurance Co.* v. *France,* 91 N. S. 510.

To render the policy void on account of untrue answers it was wholly unnecessary that the proposal or the policy should contain a clause expressly providing for a forfeiture on that account. The mere fact that the statements are warranties and untrue, vitiates the policy. *Fowler* v. *Insurance Co.* 61 N. Y. 571.

A court of law cannot hear evidence to show that by accident, mistake or fraud a written agreement does not correctly set forth the intention of the parties. A court must act on the agreement as it is. The party impeaching the agreement must seek relief in a court of equity. *Barrett* v. *Insurance Co.* 7 Cush. 175; *Redden* v. *Inman,* 6 Ill. App. 55; *Ewer* v. *Insurance Co.* 16 Pick. 502.

FRANCIS T. COLBY, for appellee:

If a party produces a policy in his own name and makes proof of loss, he thereby makes a *prima facie* case entitling him to recover. Bliss on Insurance, sec. 265; *Insurance Co.* v. *Stanton,* 57 Ill. 354; *Insurance Co.* v. *Robertson,* 59 id. 123; *Insurance Co.* v. *Rogers,* 119 id. 474.

The declarations of the application are presumed to be true. The burden of proving them untrue is upon the

company. Bliss on Insurance, sec. 365; *Holabird* v. *Insurance Co.* 2 Dillon, 166.

If any material representation by the assured was false, this is a matter for the defense to show. *Grange Mill Co.* v. *Western Ass. Co.* 118 Ill. 396; *Herron* v. *Insurance Co.* 28 id. 238; *Insurance Co.* v. *Zeigler,* 69 Ill. App. 447.

It requires the clearest and most unequivocal language to create a warranty, and every statement or engagement of the assured will be construed to be a representation, and not a warranty, if it be at all doubtful in meaning, or the contract contains contradictory provisions relating to the subject, or be otherwise reasonably susceptible of such a construction. 1 Bacon on Benefit Societies, sec. 203; *Insurance Co.* v. *Johnson,* 80 Ala. 467; *Moulor* v. *Insurance Co.* 111 U. S. 335; 101 id. 708; 1 May on Insurance, secs. 159, 162, 164, 170, 171.

The statement that "it is hereby declared and warranted that the above are fair and true answers to the foregoing questions," has been held a representation and not a warranty. *Mutual Aid. Ass.* v. *Cain,* 21 Ill. App. 475; *Insurance Co.* v. *Thoena,* 26 id. 495; *Moulor* v. *Insurance Co.* 111 U. S. 335.

Statements in an application, though declared to be warranties, will not be given effect as such if qualified by other stipulations which show that the parties did not so regard them. 3 Joyce on Insurance, sec. 1957; *Insurance Co.* v. *Rogers,* 119 Ill. 474; *Wheaton* v. *Insurance Co.* 76 Cal. 419.

A warranty will be construed strictly against those for whose benefit it is made when it imposes burdens upon others, and so, if possible, to avoid a forfeiture. May on Insurance, secs. 170, 175, 178; *Schroeder* v. *Insurance Co.* 109 Ill. 157; *Insurance Co.* v. *Frazier,* 22 Ill. App. 327; *Insurance Co.* v. *Scammon,* 100 Ill. 644.

Answers in an application made in good faith, without an intention to deceive, should be held to be representations and not warranties, and will not avoid the

policy even if not true. *Insurance Co.* v. *Cain*, 21 Ill. App. 474; *Benefit Society* v. *Winthrop*, 85 Ill. 537; *Insurance Co.* v. *Rogers*, 119 id. 474.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The chief ground urged by appellant for a reversal of the judgment of the Appellate Court is the falsity of the answer to one of the questions appearing in the medical examination of the insured. On the back of the application made by appellee, in what purports to be the medical examination of the insured, this question and answer appear: "Q.—How many brothers dead? Ans.— None." The medical examination is certified to by the medical examiner, as follows:

"I certify that I have, this 7th day of October, 1895, made a personal examination of the above named person, (Richard Wagner,) and that the above answers are in my own handwriting, and that the signature of the applicant or person examined was written in my presence.

M. J. McKENNA, *M. D.*"

Preceding the medical examiner's certificate, and immediately at the end of the series of questions and answers referred to in the certificate, of which the quoted question is one, appears the following language, to which is affixed the signature of Richard Wagner, the insured: "I hereby declare and warrant that the answers to the above questions, and the statements made in the application on the other side hereof, are true, and were written by me or by my proper agent, and that said answers and statements, together with this warranty, shall form the basis of any contract of insurance that may be entered into between me and the Globe Mutual Insurance Association, and that if a contract of insurance is issued it shall not be binding on the company unless, upon its date and delivery, I shall be in sound health." On the front side of the sheet, on the back of which is the medical examination and statement signed, as above, by the insured, is the application by appellee for the policy, and

over her signature appears the following: "I hereby make application for the policy described above, and as an inducement to the association to issue a policy, and as a consideration therefor, make the agreement as to agency, and all other agreements and warranties contained in the medical examination, as fully as if I had signed the same."

It appears from the evidence that a brother of the insured died in London, England, more than four years prior to the date of the application for insurance in this case, but there is no evidence tending to show that the insured ever knew of his brother's death. Appellant asserts, however, that, whether he knew of it or not, the statement that none of his brothers were dead is a warranty, and being untrue, avoids the policy. Appellee contends that the statement, though false, is not a warranty, but a mere representation, which, unless material, would not avoid the policy.

In the absence of explicit, unequivocal stipulations requiring such an interpretation, it should not be inferred that the insured or the appellee took a life policy with the distinct understanding that it should be void if any statements made in the medical examination should be false, whether the insured was conscious of the falsity thereof or not. (*Moulor* v. *American Life Ins. Co.* 111 U. S. 335.) Whether or not the deceased knew of the death of his brother at the time of the application for insurance was a question for the jury, and no evidence of such knowledge appears in the record. To hold that, as a precedent to any binding contract, he should guarantee absolutely that none of his brothers were dead would be unreasonable, in the absence of a more explicit stipulation than here appears. It not infrequently happens that a man loses trace of all or a part of his relations, and to hold him to absolutely guarantee that they were living, in order that he might obtain insurance, would sometimes be to require an impossibility, and would be almost absurd.

What is said in *Moulor* v. *American Life Ins. Co. supra,* is peculiarly applicable to the case at bar. In that case the insured made a false statement as to his having had certain diseases, and "warranted that the above are fair and true answers." The court say: "The entire argument in behalf of the company proceeds upon a too literal interpretation of those clauses in the policy and application which declare the contract null and void if the answers of the insured to the questions propounded to him were in any respect untrue. What was meant by 'true' and 'untrue' answers? In one sense, that only is true which is conformable to the actual state of things. In that sense a statement is untrue which does not express things exactly as they are, but in another and broader sense, the word 'true' is often used as a synonym of honest; sincere; not fraudulent. Looking at all the clauses in the application, in connection with the policy, it is reasonably clear—certainly the contrary cannot be confidently asserted—that what the company required of the applicant as a condition precedent to any binding contract was, that he would observe the utmost good faith towards it, and make full, direct and honest answers to all questions, without evasion or fraud, and without suppression, misrepresentation or concealment of facts with which the company ought to be made acquainted; and that by so doing, and only by so doing, would he be deemed to have made fair and true answers." In that case the untrue statements were held to be representations, and not warranties, and we think, on the same reasoning, the answer here in question should be so held, and in the absence of proof by the company of fraud or intentional misstatement on the part of the insured the policy was not rendered invalid merely because the answer proved to be false.

We are satisfied the court below committed no reversible error, and the judgment of that court will be affirmed.

*Judgment affirmed.*