# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## SECOND DISTRICT—OCTOBER TERM, 1901.

## Fraternal Tribunes v. Fannie Hanes.

1. PLEADING—*Stating What is Really the Same Cause of Action in Different Counts.*—It is proper to state what is really the same cause of action in different counts of the declaration. In such case each count is independent and the pleader may refer to prior counts for matters of inducement; but when one count has been held bad on demurrer, it can not be resorted to for the purpose of aiding another count.

2. LIFE INSURANCE—*Statements in Applications—When Representations of Matters Not Material to the Contract.*—A statement by an applicant for a policy of life insurance, that he had never made application for admission to a fraternal beneficiary society and been rejected or refused admission to membership therein, is not a warranty, but merely the representation of a matter which is not a material fact and will not operate to avoid the contract of insurance.

3. SAME—*When False Statements in Applications Will Avoid a Policy.*—An answer by an applicant for life insurance to the question as to the specific cause of the death of his father is a representation in regard to a material fact and if false and knowingly made will avoid the policy.

Assumpsit, on a beneficiary certificate. Appeal from the Circuit Court of Rock Island County; the Hon. WILLIAM H. GEST, Judge, presiding. Heard in this court at the October term, 1901. Reversed and remanded. Opinion filed January 24, 1902.

BROCK & SCOTT, attorneys for appellant.

SEARLE & MARSHALL and J. T. KENWORTHY, attorneys for appellee.

(1)

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit in assumpsit brought by appellee upon a policy or benefit certificate issued by appellant upon the life of her husband, Frank Hanes. The declaration sets out the certificate in full, the material part thereof being as follows:

"This certificate is issued to Frank Hanes, a member of the Milan Home Tribunal No. 6, located at Milan, Illinois, upon evidence received from said Tribunal that he has received the decree of the Fraternal Tribunes and is a contributor to its beneficiary fund, and upon condition that the statements made by said member in his application for membership and the statements certified to by him to the medical examiner, both of which are filed in the supreme secretary's office, be made a part of this contract, and upon the further condition that said member    *    *    *    is in good standing at the time of his death or at the maturity of this contract. The order of the Fraternal Tribunes hereby agrees to pay out of its beneficiary fund unto Fannie Hanes, bearing the relationship to said member, of wife, the sum of two thousand dollars, upon satisfactory proof of the death of said member and the surrender of this certificate."

On the lower margin of the certificate is written the following:

"I accept this certificate upon the conditions above named.
(Signed)         FRANK HANES."

To this declaration appellant pleaded the general issue and seven special pleas. A general and special demurrer was filed to all the special pleas, and this demurrer was sustained by the court, whereupon appellant by leave of court filed an amended fifth special plea and an amended sixth special plea. To these amended special pleas a demurrer, general and special in its nature, was interposed, which was also sustained by the court. Appellant elected to stand by its fifth and sixth amended special pleas and withdrew its plea of the general issue. The court thereupon proceeded to assess the damages, and rendered judgment against appellant for $2,250, which was the amount of the policy with interest.

The first special plea set out in full the application made by Hanes for membership.   This application was signed by Hanes and contained, among other statements, the following :

" I do hereby warrant the truthfulness of the statements in this application, and consent and agree that any untrue or fraudulent statement made therein, or to the medical examiner, or any concealment of facts by me in this application * * * shall forfeit the rights of myself and my family or dependents to all benefits and privileges therein " (referring to the benefit certificate).   Also, " I hereby certify * * * that I have made true answers to all questions concerning both my own health and family history, and in case of any false answers made, shall work a forfeiture of all claims I may have against the order."

The fifth and sixth amended special pleas rely on matters appearing in the application, for a defense.   They, however, do not set out the application relied on, but refer to the first special plea therefor.   It is entirely proper to state what is really the same cause of action in different counts.   In such case each count is independent but the pleader can refer to prior counts for matters of inducement.   L. S. & M. S. Ry. Co. v. Hessions, 150 Ill. 546; 1 Chitty Pl. 413.

But when one count has been held bad on demurrer, it can not be resorted to for the purpose of helping and aiding another count.   Nelson v. Swan, 13 Johns. 483.

The fifth and sixth amended special pleas, therefore, can not be aided by the reference to the first special plea and must stand or fall upon the matters specifically set out in them.   The fifth amended special plea states that in his application Hanes declared and warranted all his answers to the questions propounded to him, to be in all respects fair and true, and avers that in certain of the statements made by Hanes in his application " there was fraud, untruth, evasion and concealment of the facts in this, that in his said application there was the following question propounded to and to be answered by him, being interrogatory number 5 in said application, to wit :  ' Have you ever been rejected ? ' and said Hanes then and there and thereupon made answer, ' No ' to said inquiry, which statement was

untrue and false as said Hanes well knew, for that he, the said Hanes, had theretofore, on or about November 30, 1895, made application for admission into the Supreme Court of Honor, a fraternal beneficiary society, and thereafter in the year 1896 had been rejected by said society and refused membership therein."

Deprived of the support given by the first special plea the question above referred to does not appear to have been material, if indeed it is intelligible.

In the case of Moulor v. American Life Ins. Co., 111 U. S. 335, it appeared that the insured had made false answers to questions as to whether he had at any time been afflicted with certain diseases. The application for insurance contained the statement that " it is hereby declared and warranted that the above are fair and true answers to the foregoing questions." It was there held, however, that the answers made by the insured were representations only and not warranties. This case is cited and the rule laid down by it approved in Globe Life Ins. Assn. v. Wagner, 188 Ill. 133. Applying the same rule to this case we hold that the answer above referred to, as made by Hanes, was a representation and not a warranty. Being merely a representation and not being shown to be a material fact, such answer would not operate to avoid the certificate or policy. Bacon on Benefit Societies and Life Ins., Sec. 206.

The demurrer to the fifth amended special plea was therefore properly sustained.

The sixth amended special plea avers that to a question as to the specific cause of death of his father, Hanes answered " Don't know;" that the answer was false and untrue; that the father died of cancer of the stomach as the applicant then and there well knew. This answer was a representation in regard to a material fact and if false there could be no recovery. The plea therefore stated a good defense to the declaration and the demurrer to it should have been overruled.

The judgment of the court below is reversed and the cause remanded.