# North American Accident Insurance Company v. John Rehacek.

### Gen. No. 4,527.

1. WARRANTY—*what does not constitute, in insurance law.* A representation made in an application for insurance which does not appear to have been material to the risk or to have been fraudulently made, does not constitute a warranty.

2. WARRANTY—*what does not constitute, in insurance law.* The mere use of the word "warranty" in an application for insurance does not necessarily make a representation, not otherwise a warranty, such in law.

3. INSURANCE POLICY—*what not cancellation of.* Held, from the facts in this case, that the retention of a premium payment for a period of thirteen days, constituted an election by the company to keep a policy previously canceled upon settlement of a loss, as still in force.

Action commenced before justice of the peace. Appeal from the County Court of Peoria County; the Hon. WILBERT I. SLEMMONS, Judge, presiding. Heard in this court at the April term, 1905. Affirmed. Opinion filed October 25, 1905.

WEIBERG & STULTZ, for appellant.

. SHEEN & MILLER, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

John Rehacek sued the North American Accident Insurance Company before a justice of the peace to recover accident indemnity under a policy he claimed to hold in said company. He recovered before the justice, and also in the County Court on appeal. The verdict in the County Court was $81.62. Plaintiff remitted $12.32 and had judgment for $69.30. This is a further appeal by the defendant.

In his application for insurance plaintiff stated that he was not carrying any other accident insurance. In fact he then had other accident insurance, and it is argued that the incorrectness of this statement is a defense. Plaintiff was born in Austria, spoke the German language, could not read English writing, nor even write his own name. He testified that he did not know any such statement was contained in the application, which was in English. His conversation concerning it with the agent of the company was in German, and the only witness who testified for defendant on the subject did not understand German. The agent of defendant who filled out the application and in whose presence plaintiff signed it, knew that plaintiff belonged to at least one other such company, for he was a co-member thereof with him and belonged to the same lodge or local body. Under all these circumstances defendant's knowledge by its agent ought to prevent the company from insisting that the policy was forfeited by reason of the untruth of this statement. Phenix Ins. Co. v. Hart, 149 Ill. 513; Royal Neighbors of America v. Boman, 177 Ill. 27. The printed part of the application said that the facts therein stated were warranted to be true. It does not necessarily follow from the use of that word that these statements are warranties. Globe Ins. Co. Assn. v. Wagner, 188 Ill. 133; Fraternal Tribunes v. Hanes, 100 Ill. App. 1. The question whether plaintiff was carrying other accident insurance was not material to the risk. We are of opinion

that under the rule laid down in the cases last cited, the statement was a mere representation and not a warranty, and that its incorrectness did not invalidate the policy, in the absence of proof that it was a fraudulent or intentional misstatement.   In this respect the trial court instructed the jury much too favorably for the defense.

The injury for which this suit was brought was sustained January 16, 1904.   On the preceding 31st day of December, plaintiff was paid twenty dollars by defendant in settlement of a prior claim for a prior injury, and signed with his mark a paper which not only acknowledged the receipt of the twenty dollars but also purported to cancel the policy.   This is relied upon as defeating plaintiff's cause of action under said policy for an injury subsequently occurring.   The proof tended to show that plaintiff signed this receipt without any knowledge that it contained that provision for cancellation.   Whether he knowingly assented to the terms of that instrument, which was in English, was a question of fact for the jury.   If, as claimed, the court improperly modified an instruction on that subject requested by defendant, still we are of opinion plaintiff was entitled to recover upon the instrument by reason of what followed.   Plaintiff's wife went to the company's office in Peoria on several different days early in January and sought to pay the monthly payment in advance for the month of January.   It was several times refused, but the general manager of the company accepted that payment on January 6th.   A clerk in the office testified for defendant that said officer when he took the money said he would take it under the condition that plaintiff's wife would sign a new application, and have her husband re-examined and re-instated; but it afterwards turned out that this witness did not hear such a conversation, but that the officer afterwards made that statement to said clerk.   This testimony was then excluded, and properly so.   With that evidence excluded there was no proof that the money was not received unconditionally in satisfaction of the January payment on said policy, except that another witness for

defendant who was present testified that when plaintiff's wife tendered said officer the payment he took the money and gave her a receipt, but told her he would send it to the home office; and in response to a leading question said witness further answered that he believed the substance of the officer's statement was that he would take and send the money to the company, and if it was all right plaintiff would be re-instated. In connection with this whole matter it is worthy of note that the company did not take up the policy on December 31st, and that on January 6th said officer wrote upon a blank prepared for that purpose an unconditional receipt for said money as the January payment, immediately underneath former receipts for payments for prior months. Under all these facts, the jury were warranted in finding that the policy was in force for January by virtue of the acceptance of the payment on January 6th and its retention by the company. On January 19th, after the injury received by plaintiff on January 16th, defendant sent him a check for the amount of said January payment. The home office of the company was in Chicago, and if defendant had any option to determine whether it would accept said payment, which was only $1.25, the retention of the money for thirteen days may very properly have been treated by the jury as an election to retain it and remain liable upon the policy. We have no doubt that no objection would have been made by the company to plaintiff remaining insured under said policy if it had not been for his injury on January 16th.

It is said the judgment is for too large an amount; but when all the evidence is considered together, we find there is proof that makes the company liable for the full amount of the judgment. If there are any slight inaccuracies in the instructions, as claimed, still the judgment is so manifestly just under the evidence that it should not be reversed. The judgment is therefore affirmed.

*Affirmed.*