96 · Appellate Courts of Illinois.

Deming v. Prud. Ins. Co. of Am., 169 Ill. App. 96.

# Alfred N. Deming et al., Appellees, v. The Prudential Insurance Company of America, Appellant.

1. INSURANCE—*when partial exclusion of applications proper.* If the policy sued upon recite that the same contained "the 'entire contract between the parties," the applications upon which they are predicated are not necessarily competent in the entirety. *Held,* in this case, that the ruling of the trial judge in admitting only such portions of the application in question as distinctly pertained to the special pleas was proper.

2. INSURANCE—*what evidence incompetent to defeat recovery. Held,* that where the application upon which the policy was predicated was not made part of such policy that it was proper for the court to refuse to permit a witness offered by the defendant to answer questions seeking to ascertain whether or not defendant insured the lives of persons having tuberculosis or the lives of persons whose parents, brothers or sisters were known to have had consumption; also as to whether the answers of the applicant as to the condition of his health were material to the risk insured and whether the policy would have been issued had the answer to one of the questions disclosed that the applicant had a sister who died of consumption.

3. INSURANCE—*when unsoundness of applicant's health constitutes defense.* A provision in a policy which provides that the company shall not be liable except to return the premiums paid if the insured on the date of the policy is not in sound health is a valid provision and if and where sustained by the evidence constitutes a good defense unless it appear that the defendant at the time it issued such policy had knowledge that the health of the insured was not sound. Knowledge of unsoundness is sufficient to constitute a waiver irrespective of knowledge of the exact condition which caused the unsoundness of the insured's health.

4. INSURANCE—*when instruction as to false answers in application erroneous. Held,* in this case, that the instructions of the court as to what was essential to constitute the defense upon the ground of false answers made by the insured were proper so far as one policy sued upon was concerned but were erroneous as to the other policy in suit.

5. EVIDENCE—*when leading questions improper.* If a witness state that he does not recollect a part of a material conversation the party interrogating him is entitled to refresh his recollection but not by putting in the mouth of the witness the exact words which he desires him to employ.

6. INSTRUCTIONS—*when upon right to disregard testimony of wit-*

*ness erroneous.* It is only where a witness has knowingly and wilfully sworn falsely to some fact material to the issue that the jury is entitled to disregard his entire testimony and an instruction which violates this rule is erroneous and ground for reversal.

Assumpsit. Appeal from the City Court of Herrin; the HON. ROBERT T. COOK, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded. Opinion filed March 21, 1912.

JOHN M. HERBERT and DENISON & SPILLER, for appellant.

WILLIAM A. SCHWARTZ and HERBERT A. HAYS, for appellees; A. D. MORGAN, of counsel.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This is a suit in assumpsit brought by appellees, as administrators of the estate of Claud Deming, deceased, to recover the amount of two life insurance policies, issued by appellant on the life of their intestate, who died January 19, 1910. One of the policies was for $190, and was dated May 10, 1909, while the other dated December 20, 1909, was for $500.

The declaration contained two counts each declaring upon one of the policies in the usual form and setting out the policies in full. Appellant filed five special pleas. The first averred, it was provided in the policies that the liability should be limited to a return of the premiums paid, if the insured was not in sound health at the time they were issued; that the insured was not in sound health at said time and therefore the liability was limited to the amount of the premiums paid. Special pleas 2, 3 and 4 set forth certain questions and the answers thereto, contained in the application for insurance, in reference to the health of the insured at that time and prior thereto, and the fifth a question and answer as to whether either parent or any brother or sister had died of consumption, and alleged

98    Appellate Courts of Illinois.

Deming v. Prud. Ins. Co. of Am., 169 Ill. App. 96.

that the answers made by the insured to these questions, were false. The replication to the first special plea stated that the insured informed appellant's agent when he took the application, that he was not in sound health and that by issuing the same, with such knowledge, appellant waived such provision of the policy. As to the other special pleas, appellees replied that the answers relied on therein as a defense, were written by appellant's agent without the knowledge or consent of the insured.

Upon the trial there was a verdict in favor of appellees for $458.33 1-3 which was followed by a judgment for a like amount.

Appellant assigns and argues as reasons why the judgment in this case should be reversed, errors claimed to have been committed by the trial court in its rulings in regard to the evidence and instructions.

Upon the trial appellant, to sustain the allegations in its special pleas offered the written applications made by deceased for insurance. Each of these applications contained the following statement:

"I hereby apply for insurance for the amount herein named and I declare that the answers to the above questions are complete and true and were written opposite the respective questions by me or strictly in accordance with my directions. I agree that said answers with this declaration, shall form the basis of a contract of insurance between me and the Prudential Insurance Company of America, and that the policy which may be granted by the company in pursuance of this application, shall be accepted subject to the conditions and agreements contained in said policy."

Among the questions and answers in the application were the following:

"Q. What is the present condition of health? A. Good."

"Q. Has either parent or any brother or sister died of consumption? A. No."

"Q. Has life proposed ever suffered from consumption? A. No."

When the first application was offered in evidence, the court said: "The application will be admitted so far as it goes to the questions and answers with reference to sound health, with reference to the condition of the deceased, his condition of health, as to whether or not any parent or brother or sister has died with consumption." The same ruling of the court was made in reference to the second application when it was offered. In this appellant claims the court erred, contending that it took the whole of the applications to present the full import of the matters and things represented by the deceased in his applications and the result was to deprive appellant of proper and material evidence under its special pleas. Special stress is laid by appellant upon the fact that by such ruling it was deprived of the statement of Deming, above referred to, that the answers made to the questions were true, were written in accordance with his directions and that he agreed they should form the basis of the contract of insurance between him and the company. The objections of appellant and the ruling of the court, raise the question whether the applications are to be taken and considered as part of the contracts of insurance. The first policy of insurance did not make the application a part of the contract, but on the contrary contains this provision:

"This policy contains the entire contract between the parties hereto and all statements made by the insured shall in the absence of fraud, be deemed representations and not warranties, and no such statements shall avoid the policy or be used as a defense to a claim thereunder."

The language of this provision appears to us unequivocal and easy to be understood. By its terms the application, including the questions and answers therein contained, is plainly precluded from becoming a part

100    APPELLATE COURTS OF ILLINOIS.

Deming v. Prud. Ins. Co. of Am., 169 Ill. App. 96.

of the contract, and the agreement of the insured in his application that the same shall form the basis of the contract of insurance, cannot overcome the plain language of the policy thereafter issued and which constituted the contract of insurance. The provision upon this subject in the second policy was not as broad and far-reaching as that in the first, the whole statement being "this policy contains the entire contract between the parties hereto." These provisions, however, were both sufficient to justify the court below in excluding all of the two applications, except the questions and answers admitted by him as set forth.

The next contention of appellant is, the court erred in refusing to permit a witness offered by appellant to answer questions seeking to ascertain whether or not appellant insured the lives of persons having tuberculosis or the lives of persons whose parents, brothers or sisters were known to have had consumption; also whether the answers of the applicant as to the condition of his health were material to the risk insured and whether the policy would have been issued had the answer to one of the questions disclosed that the applicant had a sister die of consumption. This evidence was incompetent under the provision of the first policy in reference to statements made by the insured last above mentioned.

It is not quite so clear as to whether or not this proof was admissible under the second policy, which did not contain the words last referred to, but did contain the statement that the policy contained the entire contract between the parties thereto. But even under this contract, we are inclined to the opinion that such evidence was properly excluded. We think it would not have been proper to have permitted this witness to testify as to what appellant might have done under any other circumstances, than those existing here. If the answers of the applicant to the questions referred to were admissible under the second policy, the question of

their materiality was for the jury and not the witness to determine.

A witness on behalf of appellant, Dr. Brooks, was interrogated concerning a conversation he had with the insured and after detailing part of the conversation stated that he did not remember just what was said but there was a good deal. Thereupon counsel for appellant addressed this question to him, "To refresh your recollection, didn't he say he had fooled the company?" An objection on the part of appellees to this question was sustained by the court and of this ruling appellant also complains. While appellant had a right to learn all the conversation in question, yet it was manifestly improper for counsel to put the desired words in the mouth of his own witness, but the detailing of the conversation should have been left to the witness himself as the court determined. Appellant makes many other criticisms of rulings of the trial court in regard to the evidence, all of which we have examined, but we find in them no error affecting the trial of the case in any material way.

The policies of insurance in suit each contained the following provision:

"The company's liability under this policy shall be limited to a return of the premiums paid hereon if the insured die before the date hereof or if on said date the insured be not in sound health."

This was a material provision of the contracts of insurance and if as claimed by appellant, Deming was not in sound health at the time the two policies were issued, a recovery on the part of appellees could not be sustained under the pleadings in this case for more than the amount of the premiums paid, unless proof were made by them of such knowledge and such actions on the part of the agent of appellant, as would in law bar the right of appellant to insist on such de-

fense. With this in view appellees gave their first instruction, which was as follows:

"The court instructs the jury that an insurance company cannot insist upon a forfeiture of a policy for a cause which was in the knowledge of its agent at the time the application for the policy was taken and in this case, if you believe from the evidence that the agent of defendant was informed by the assured at the time the application for insurance was taken, that he was not in good health, then and in that case the defendant cannot insist upon a forfeiture of the policy in evidence, under the claim that the assured was not in sound health on the date of the policy, provided you believe from the evidence, that the condition of Claud Deming's health was no worse on the date of the issuing of the policy in evidence, than when the respective applications for insurance were made."

Appellant insists that this instruction was erroneous for the reason, that although the agent might have known at the time the policies were issued the insured was not in sound health, yet he might not have known that the insured was at that time afflicted with consumption which the evidence shows subsequently caused his death; that in order to constitute a waiver, the knowledge on the part of the agent must have been that the insured was afflicted with consumption and the instruction should have so stated.

In Prov. Life Soc. v. Cannon, 201 Ill. 260, it is said: "Notice to the agent at the time of the application for the insurance, of facts material to the risk, is notice to the insurer and will prevent it from insisting upon a forfeiture for causes within the knowledge of the agent." The instruction complained of followed the language used in the policy and covered and included in its terms, not only consumption but any other malady or disease which might cause unsound health. If the agent of appellant was notified when he took the application for insurance, that the insured was not

in sound health, then it is not entitled to avail itself as a defense of that provision of the policy, which limited its liability if the insured was at such time not in sound health, and it is immaterial what caused such condition of health on the part of the insured. There was therefore no error in the giving of appellees' instruction No. 1.

The second instruction given for appellees told the jury that before appellant could avail itself of the answers made by Claud Deming to the questions set out in its special pleas, it devolved upon it to prove by a preponderance of the evidence that, among other things, the same were made by the said Deming to defraud appellant. This same statement of the law was contained in other instructions given for appellees and was inserted by the court as a modification in certain instructions given for appellant. The criticism of appellant to this theory of the law is, that it required more proof of appellant in order to avail itself of the defense named, than was required by law; that all that was necessary for appellant to show was that the statement was made by the insured, that it was knowingly false and was material to the risks, and that under such circumstances it must be presumed to be fraudulently made. We think these instructions and this theory of the law were proper so far as the right of recovery under the first policy, was concerned, as that policy contained the provision above referred to, that, "all statements made by the insured shall, in the *absence of fraud* be deemed representations and not warranties, and no such statement shall avoid the policy or be used as a defense to a claim thereunder." But this provision was omitted altogether from the second policy, as we have above seen, and in the absence of such provision all that was necessary to permit appellant to avail itself of the defense referred to, was that it should appear from the proofs the answers

104    APPELLATE COURTS OF ILLINOIS.

Deming v. Prud. Ins. Co. of Am., 169 Ill. App. 96.

of Deming were false at the time they were made, that he knew that they were untrue and that the fact concealed or the falsehood expressed, was material to the risk. Globe M. Ins. Ass'n v. Wagner, 188 Ill. 133; Prov. Life Savings Soc. v. Cannon, 103 Ill. App. 534; Aetna Life Ins. Co. v. King, 84 Ill. App. 171. The theory of the law adopted by the court as above set forth and the instructions given containing the same, were therefore erroneous as applied to the case under the second policy.

Appellant complains of the 15th instruction given for appellees, which informed the jury if they believed from the evidence, that any witness had wilfully and knowingly and corruptly sworn falsely to any material element in the case, or that any witness had wilfully and knowingly and corruptly exaggerated any fact or circumstance, material to the issues in the case, they had a right to reject the entire testimony of such witness, except in so far as corroborated by other credible evidence or by facts and circumstances appearing in the case. In Chicago City Ry. Co. v. Allen, 169 Ill. 287, the court in discussing an instruction, containing language somewhat similar to that used here, says: "It is not the law the entire testimony of a witness may be rejected from consideration by the jury, upon the ground the witness has knowingly and wilfully exaggerated any fact or circumstance but only when he has knowingly and wilfully sworn falsely to some matter or thing material in its character." And in C. & S. L. Ry. Co. v. Kline, 220 Ill. 334, it is stated, that the law "has never sanctioned any such proposition as that a jury may disregard the entire testimony of a witness, who, they think, has either belittled or exaggerated some material fact about which he testified. The doctrine *falsus in uno falsus in omnibus,* is only applied as a rule of law, to a witness who has knowingly and

wilfully sworn falsely to some fact material to the issue.''

The rule of law above referred to, does not appear to us to be in conflict with the case of the Chicago City Ry. Co. v. Bundy, 210 Ill. 39, where somewhat similar language was used in an instruction given for appellant, but the only question raised was as to whether the court rightfully modified the instruction by striking out other portions thereof. Instruction No. 15 was therefore, in our opinion, erroneous and the giving of it constituted reversible error.

On the trial appellant presented seven special interrogatories, which were refused by the court. All of these might well have been submitted to the jury and we think it was error for the court to refuse to submit the first two, one of which asked the question, ''Was the deceased, Claud Deming, in sound health at the time the policy involved in this case was issued?'' and the second presented the same question in reference to the second policy.

Appellees contend that the special interrogatories above referred to are not properly before this court and a motion was made by them to expunge or strike the same from the record. We do not think it necessary however to discuss the question raised by this motion and a countermotion of appellant upon the subject, for the reason that the case must be reversed and remanded for errors in instructions, as above set forth, and we have only referred to the special interrogatories in order that our views upon the question might be given for the benefit of the court below, should there be another trial of the case.

*Reversed and remanded.*