## John Rataj, Appellee, v. Providers Life Assurance Company, Appellant.

1. APPEAL AND ERROR—*necessity for assigning error.* If the court did not err in refusing defendant's motion for a directed verdict, made at the close of plaintiff's evidence, appellant cannot avail itself of subsequent errors except by assigning them.

2. INSURANCE—*construction of statute as to payment of premiums in advance.* J. & A. Stat. ¶ 6513, relative to payment of premiums in advance excludes the first premium from its operation by expressly providing as to payments of premiums after the first.

3. INSURANCE—*power of agent to waive payment of first premium in advance.* An agent of an insurance company has power to waive the payment in full of the first premium in advance, even in the absence of a clause in the policy providing for payment of less than the whole amount of such premium.

4. INSURANCE—*what constitutes notice of authority of agent to waive full advance payment of premium.* A clause in a life insurance policy providing that the company will accept the premiums in semiannual instalments of 52 per cent or in quarterly instalments of 26½ per cent of the annual premium is sufficient notice to a customer of an express authorization to its agent to waive full payment of the first premium in advance.

5. INSURANCE—*when statements deemed representations and not warranties.* Under a provision in an insurance policy that "All statements made by the assured shall, in the absence of fraud, be deemed representations and not warranties," any warranty made in any paper preceding the policy would, in the absence of fraud, be deemed a representation instead of a warranty.

6. INSURANCE—*when false answer as to pregnancy not fraudulent.* The fact that assured was pregnant when she answered in the application that she was not would not make her answer fraudulent unless she knew of her condition, and where a witness for the insurer testified that assured might have been pregnant and not

have known it, it cannot be held that her answer was fraudulent.

7. Appeal and error—*review confined to matters raised in motion for new trial.* Matters not raised in appellant's written motion for new trial, either by direct or general challenge, cannot be raised on appeal.

Appeal from the City Court of East St. Louis; the Hon. M. Millard, Judge, presiding. Heard in this court at the October term, 1920. Affirmed. Opinion filed March 30, 1921.

Keefe & Baxter, for appellant.

McGlynn & McGlynn, for appellee.

Mr. Presiding Justice Eagleton delivered the opinion of the court.

On September 9, 1919, Weronika Rataj made application through one John Skrabacz to the appellant, Providers Life Assurance Company, for a $1,000 policy of insurance on her life with John Rataj, the appellee, as beneficiary and on the same day submitted to a medical examination. On October 21, 1919, a policy was issued and was delivered to her shortly thereafter. On the 10th or 11th day of November, 1919, the assured died and the appellant was notified of her death and denied liability under the policy.

A suit in assumpsit was brought by the appellee and a declaration filed in which the policy, with copies of the application and the report of the medical examination attached, were set forth *in hæc verba.* To the declaration the appellant filed a plea of nonassumpsit; also a special plea setting forth that the condition of the policy was that the first premium be paid in full before the policy was effective and that the first premium had not been paid; that the policy contained a provision that it did not assure against self-destruction, either while sane or insane, and that the assured came to her death by an abortion, self-produced; and that the assured was required to truthfully answer certain questions in her appli-

cation for a policy, one of which was whether she was pregnant, which she answered in the negative, when in truth she was at the time of making said answer pregnant and that as a result of such pregnancy she died and that because of the false warranties and statements the policy was not in force at the time of her death.

In the replications filed, the appellee averred the appellant agreed to accept the premium in instalments and a portion thereof had been paid, that the assured was not pregnant and did not procure or produce an abortion on herself.

After issues were joined the cause was tried by a jury and a verdict returned in favor of the appellee, fixing his damages at $989.05, and after the court had denied a written motion, by the appellant, for a new trial, judgment was rendered in favor of the appellee and from that judgment this appeal is prosecuted.

The appellant urges as grounds for reversal the issues raised by the special pleas.

At the conclusion of the appellee's evidence, the appellant moved the court to instruct the jury to find the issues in favor of the defendant, which was denied by the court, and the motion was renewed by the appellant at the close of all the evidence and again denied. It is argued that having made a motion at the close of the appellee's evidence, all proceedings subsequent thereto were erroneous and advantage may be taken of other claimed errors without specifically assigning them on the record. It may be stated that taking this position as correct, if the court did not err in refusing the motion, the appellant cannot avail itself of subsequent errors except by assigning them.

In support of his action the appellee introduced the policy sued on and also a receipt as follows:
"Form 62
"Incorporated under the laws of the State of
Illinois Capital $100,000.

"The Providers Life Assurance Company.
"Received of Weronika Rataj
"Thirty & 95–100 Dollars.................... 30.95
                                            10.00
                                            ─────
"Being annual Premium on Policy No. 9347.. 20.95
"Attested by
"J. SKRABACZ          M. MIROSLAWSKI,
                         Secretary."

The appellee testified he first saw the policy and receipt after the death of his wife and that 3 or 4 days before her death he paid Skrabacz $10 and told him the next time he would pay him $10, and he said, all right.

A son of the appellee and the assured said he saw Skrabacz deliver to the assured what he said was the policy.

The policy contained a provision: "This assurance is granted in consideration of the application therefor, copy of which is attached hereto and made a part hereof, and of the payment in advance of the annual premium of twenty-nine and ninety-five one hundredths dollars in exchange for a receipt signed by the President or Secretary and countersigned by an authorized agent of the Company." There is also a provision that: "No condition, provision or privilege of this policy can be waived or modified in any case except by an endorsement hereon signed by the President, one of the Vice Presidents, the Secretary or Assistant Secretary, whose authority will not be delegated. No agent has power to make, alter or discharge this or any other contract in relation to the matter of this assurance, or to extend the time for payment of premiums."

There is another provision of the policy as follows: "Payment of Premium. The Company will accept payment of the Annual Premiums stated above in semi-annual installments of fifty-two per cent of the

Annual Premium or in quarterly installments of twenty-six and one-half per cent of the Annual Premium. * * * All premiums are payable in advance at the Home Office, or to an agent of the Company in exchange for a receipt signed by the President or Secretary and countersigned by said agent. A grace of thirty-one days * * * shall be granted for the payment of every premium after the first * * *."

The appellant cites section 6513 of Jones and Addington's Illinois Statute as prohibiting the acceptance of less than the full amount of the first premium in advance. This section excludes the first. premium from the operation thereof by expressly providing as to payments of premiums after the first.

In the light of the evidence and the provisions of the policy, the court did not err in either of its rulings in refusing to direct the jury to return a verdict for the appellant.

Skrabacz testified on behalf of the appellant that he worked for the appellant in East St. Louis and knew the deceased; that the policy and the receipt were given to him by the general agent of the appellant and he took the policy to the home of the assured and she paid him $10 and said if he would wait until the next month she would pay the balance, and he left the policy.

Except as recited above, there is no other evidence as to the payment of the first premium and no other provision of the policy in any way controlling the payment of the first premium.

In *John Hancock Mut. Life Ins. Co. v. Schlink,* 175 Ill. 284, the Supreme Court quotes from standard authorities with apparent approval as follows: From Richards on Insurance (2nd Ed. sec. 95): "An agent of a life insurance company who is intrusted with the business of closing the contract by delivering the policy is held to have an implied authority to determine how the premium then due shall be paid, whether

by cash, or, as is sometimes done, by giving credit * * *. By the weight of authority the agent is held to have this discretionary power, although the policy in terms denied it. * * *'' Mechem on Agency (sec. 931, div. 1) is quoted as follows: ''The insurance agent, as thus distinguished from the broker, is ordinarily held to be a general agent of the company. As such general agent it is held * * * that he may waive prepayment of the premium although the policy provides that it shall not take effect until the premium is paid.'' May on Insurance (vol. 2, sec. 360b) is quoted as follows: ''An agent authorized to take and approve risks and to insure may allow credit. A general agent may waive the condition as to the payment of the first premium and give credit, even though the policy declares that the contract cannot be modified except by writing signed by the president or secretary.''

In *Eclectic Life Ins. Co. v. Fahrenkrug*, 68 Ill. 463, it was held: ''It is immaterial what may have been said in the policy in regard to the payment of the premium. It was within the power of the company, acting through its agents, to change entirely the mode of or dispense with the payments as provided by the policy * * *.''

Following the rules above quoted, it must be held that the agent had power to waive the payment in full of the first premium. This would be true in the absence of the clause quoted, providing for the payment of less than the whole amount of the first premium. That provision must be held to be sufficient notice to a customer of an express authorization of such waiver by an agent.

Counsel for appellant have cited numerous cases from other states that are in conflict with the cases above cited, and have cited certain cases decided by the courts of Illinois laying down rules which, considered as abstract propositions of law, are in conflict

with the holdings above cited, but such rules have not been applied in Illinois where the facts were as in the instant case.

When the assured submitted to the medical examination she answered certain questions and signed the report of said examination. Among the questions asked was if she was then pregnant, which she answered in the negative. It is argued that this answer was warranted to be true, and, being untrue, violated the policy.

On the issue that the assured was pregnant when she made application for the policy and that her death resulted from such pregnancy, the evidence was that of a physician who testified he called on the assured the latter part of October and found she was suffering from a miscarriage. He also testified a woman does not necessarily know she is pregnant. There is no proof in the record that the assured either intentionally produced or caused an abortion to be produced.

Whatever warranty the assured made must be found in her application, the report of the medical examination signed by her, or in the policy, and there is no language in either her application or the report of the medical examination that can be construed as a warranty.

The policy contains this provision: "All statements made by the Assured shall, in the absence of fraud, be deemed representations and not warranties." Under this provision, no matter what warranty was made in any paper preceding the policy, in the absence of fraud it would be deemed a representation and not a warranty.

Assuming that the testimony showed the assured was pregnant when she made the answer complained of would not of itself avoid the policy. "What was meant by 'true' and 'untrue' answers? In one sense, that only is true which is conformable to the actual state of things. In that sense a statement is untrue

which does not express things exactly as they are, but in another and broader sense, the word 'true' is often used as a synonym of honest; sincere; not fraudulent." *Globe Mut. Life Ins. Ass'n v. Wagner,* 188 Ill. 133. Under this rule, the fact that the assured was pregnant would not make her answer untrue unless she knew of her condition, and the witness called by the appellant said she might have been pregnant and not know it. This being true, it cannot be held her answer was fraudulent.

Counsel for appellant discuss a ruling of the court in refusing to permit the agent of the appellee to testify that he explained the terms of the policy to the assured at the time the policy was delivered, and also discuss the action of the court in refusing certain instructions offered by it and in permitting the physician mentioned to testify the assured told him she was not pregnant. Neither of these matters was raised in appellant's written motion for a new trial, either by direct or general challenge. In the absence of such challenge, the question cannot be raised on appeal. In *Janeway v. Burton,* 201 Ill. 78, in discussing a written motion for a new trial, the Supreme Court held: "When certain grounds or reasons are specified all others are waived." See also *West Chicago St. R. Co. v. Krueger,* 168 Ill. 586.

Finding no reversible error in the record the judgment of the trial court will be affirmed.

*Affirmed.*