MERCHANTS AND MECHANICS INSURANCE COMPANY
v.
WILLIAM SCHROEDER.

1. WARRANTY OR REPRESENTATION.—In a fire insurance policy a stipulation should be held to be a representation rather than a warranty, when from the ambiguity of the language or otherwise there is room for doubt.

2. OVER-VALUATION—MATTER OF OPINION.—Where the application for insurance was made a part of the policy and it was insisted that a false representation as to the value of the property avoided the policy. *Held,* that the court below properly found that defendant failed to prove an over-valuation. Estimates as to the value of property are ordinarily not statements of fact but mere matters of opinion upon which different persons may differ widely and the same person may differ at different times.

APPEAL from the Circuit Court of Cook county; the Hon. LORIN C. COLLINS, Judge, presiding. Opinion filed January 10, 1886.

Messrs. McCONNELL & SMITH, for appellant; as to warranty, cited Flanders on Insurance, 226; Woods on Insurance, 271; First Nat. Bk. v. Ins. Co. of N. A., 50 N. Y., 47; LeRoy v. Market Ins Co., 39 N. Y. 91; Draper v. Charter Oak Ins. Co., 2 Allen, 569; Bartholomew v. Merchants Ins. Co., 25 Ia. 507; Marshall v. Columbia Ins. Co., 27 N. H. 157.

Mr. H. H. ANDERSON, for appellee; cited Behrens v. Germania Fire Ins. Co., 13 Ins. Law Journal, 653; Lynchburg Fire Ins. Co. v. West, 12 Ins. Law Journal, 52.

Bailey, P. J. This was assumpsit upon a policy of insurance against fire. By said policy, the defendant insured the plaintiff against loss or damage by fire, to the amount of $1,000, for the term of one year from February 1, 1878, upon the following property, viz.: $200 on his building occupied by him as a planing mill, $200 on his engine, boiler and connections, $400 on fixed and movable machinery, etc., and $200 on his stock, consisting of lumber, sash, doors, blinds, etc. On the 17th day of December, 1878, the property insured was totally destroyed by fire, the entire amount of the plaintiff's loss being, as appears by the stipulation of the parties, $5,900. No question is made as to the sufficiency of the plaintiff's performance of the conditions of the policy relating to notice and preliminary proofs of loss. Suit was brought within the period limited by the policy, and on the 10th day of July, 1885, a trial was had before the court without a jury, resulting in a judgment in favor of the plaintiff for $1,010.37 and costs. From this judgment the defendant has appealed to this court.

It is claimed by the defendant that the policy is void by reason of certain statements in relation to the value of the property insured, in the plaintiff's application for insurance.

It was stipulated in the policy that a certain application made by the plaintiff to the Royal Canadian Insurance Company should form a part of said policy and be a warranty on the part of the insured. A subsequent condition of the policy was as follows : "If an application, survey, plan or description of the property herein insured is referred to in this policy, such an application, survey, plan or description shall be considered a part of this contract and a warranty by the insured; and any false representation by the assured of the condition, situation or occupancy of the property, or any omission to make known every fact material to the risk, or an over-valuation, or any misrepresentation whatever, either in a written application or otherwise, * * * then and in every such case this policy shall be void."

In said application there appeared the following questions and answers : "What is the cash value of building or

buildings above foundation?" "About $3,000." "What is the cash value of machinery, shafting, belting and gearing?" "About $10,000." "What is the average value of stock?" "About $4,000." The only witness at the trial who was examined in relation to the value of the property was the plaintiff, and he testified as follows: Q. "At the time of the destruction of the property, what was the value of the buildings?" A. "Eighteen hundred dollars." Q. "What was the value of the engine, boiler and connections?" A. "About sixteen hundred dollars." Q. "What was the value of the stock consisting chiefly of lumber, sash, doors and blinds, contained in said building?" A. "From sixteen hundred to eighteen hundred dollars." Q. "What was the loss?" A. "It was a total loss. The value of the entire property covered by the policy and destroyed by the fire was at least $8,000." On cross-examination he testified that said property was as valuable at the date of the loss as at the time the policy was issued, or more so.

Taking the plaintiff's testimony as a whole, it may be doubted whether the valuation placed upon the property in the application is shown to have been excessive. The plaintiff, when called upon to testify at the trial, seems to have been disposed to give a conservative or minimum estimate of its value. This appears from his statement that it was worth $8,000 at least, but he did not testify, nor was he asked, whether it was not in fact worth more than that.

But assuming that the value stated in the application was too large, does it follow that the policy thereby became void? True, the policy, by its express terms, assumes to incorporate the application into the contract and make it a warranty on the part of the insured, but the language employed leaves it at least doubtful whether, after all, it was the intention of the parties to treat the statements of the application as to the value of the property as a warranty or as a mere representation. After declaring that the application should be deemed a warranty, it provided that any false representation by the insured as to the condition, situation or occupancy of the property, or an over-valuation, or any misrepresentation whatever,

either in a written application or otherwise, should avoid the policy. The terms "warranty" and "representation" are both used, and we must presume that both are used in their proper legal sense. A warranty is a stipulation in writing inserted into the policy on the literal truth or fulfillment of which the entire contract depends; while a representation is a statement incidental to the contract, relative to some fact having reference thereto, and upon the faith of which the contract is entered into. Both words being used, the policy may very properly be so construed as to make those matters which are therein designated as representations to be intended only as such; and from the order and relation of the language employed, it would seem to have been the intention of the parties to treat an over-valuation as a mere misrepresentation rather than as a breach of warranty. The terms of the policy are, to say the least, ambiguous, and a stipulation should be held to be a representation rather than a warranty, when, from the ambiguity of the language, or otherwise, there is room for doubt. May on Insurance, Sec. 162.

In National Bank v. Insurance Co., 95 U. S. 673, where the policy contained almost the same identical language as in the present case, the court, after suggesting several constructions, upon which the ambiguous terms employed might be construed, so as to relieve the insured from the strict obligations of a warranty, conclude as follows: "Without adopting either of these constructions, we rest the conclusion already indicated upon the broad ground that, when a policy of insurance contains contradictory provisions, or has been so framed as to leave room for construction, rendering it doubtful whether the parties intended the exact truth of the applicant's statements to be a condition precedent to any binding contract, the court should lean against that construction which imposes upon the assured the obligations of a warranty."

But there is another, and we think even a more satisfactory reason, why the statements in the application in relation to the value of the property to be insured should not be treated as warranties. Estimates as to the value of property are ordinarily not statements of fact, but mere matters of opinion, upon

which different persons may differ very widely, and as to which the same person, even when making his estimate at different times and in the light of different facts, may honestly reach conclusions very wide apart. All the force which properly belongs to such estimates, whether written into the face of the policy or otherwise, must necessarily be, that it expresses the fair and honest opinion and judgment of the applicant as to the true value of the property.

In Redford v. Mutual Fire Ins. Co., 38 Upper Canada, Q. B. 538, the application was made a part of the policy, and it was insisted that a false representation by the insured in the application as to the value of the property avoided the policy. The court, in disallowing this defense, said: "It is not every answer to every question in an application for insurance which is to be deemed and taken as an assertion or representation of a fact. The question may be so put as to ask for a mere statement of opinion, and the question, looking at its subject matter, may be of that character that an opinion only shall be deemed to be given, and thus not held to be the assertion or representation of a fact, so as, in the event of innocent exaggeration, to avoid the policy. No man can generally do more than state his opinion as to the value of property. There is nothing about which there may be greater differences of opinion among men than the value of real estate. The owner of real estate generally sets a higher value upon it than another, and this simply because it is his own, and he flatters himself to be better off in the world than he really is, a mistake very common among men in all conditions of life. A man may be able to state with something like absolute accuracy the distance of his house from any other building, the material of which his house is built, the number of stoves therein contained, and other matters of description, the accuracy of which, before the making of the representations, may be absolutely tested. But when a man is called upon to speak of the value of that which he has no desire to sell, a value which fluctuates from year to year, if not from day to day, he can only speak in the language of approximation; he can do no better than state his belief or opinion. * * * Unless the evidence shows the over-

valuation to have been intentional and fraudulent, the over-valuation does not usually affect the policy, for the reason that the statement as to value is not so much the assertion of a fact as an expression of an opinion."

Has the defendant in this case established an over-valuation within the meaning of the policy? As said by Mr. May in his treatise on the Law of Insurance, "The over-valuation, in order to work a forfeiture of the right of recovery, must be a clear one ; so clear that it is obvious at a glance, and can not be accounted for upon the principle that every man is naturally prone to put a favorable estimate upon his own.   *   * For no over-valuation, but a gross and clear one, and such as is or must be presumed to be known to be such by the insured, and not known by the insurer, and therefore false and fraudulent, will be held to vitiate the policy." May on Insurance, Sec. 373.

We think the court below was justified in holding that the defendant had failed to prove such over-valuation. The value stated in the application was not certain and definite, but was stated to be about the sums named. In his testimony at the trial, the plaintiff gave a smaller estimate it is true, but said that the value was not less than that sum, without saying that it might not be much larger. Between these two statements there was no necessary discrepancy, or at least, none which necessitated a finding that the estimate given in the application was false and fraudulent, or one that could not be accounted for upon the principle that honest judgments may differ widely as to the value of the same property.

The point is made by counsel for the defendant that, under the proof as to other insurance, the plaintiff should have been allowed to recover no more than nominal damages. The policy provides that, in case of other insurance, the insured should recover no greater proportion of the loss than the sum insured by said policy should bear to the whole amount insured ; and it is claimed that as the evidence showed other insurance, to the amount of $7,000, without showing how such other insurance was distributed upon the several items of property mentioned in the policy in suit, no data is furnished from which the amount recoverable under the present policy

can be determined. The only evidence of other insurance is that given by the plaintiff in his testimony where, in answer to a question as to whether he had the property covered by the present policy insured in 1878, and if so, for how much and in what companies, he answered, "I had the property insured in 1878 for $8,000," and then gave a catalogue of the several companies in which it was insured, including the defendant. None of the other policies were produced, and no further evidence was furnished in relation to them.

We have then the mere statement that the property covered by the present policy, that is, the entire property, was insured in other companies to the amount of $7,000. There is no intimation, however, that those other policies divided the property into several items and insured each item separately, but the fair inference from the evidence is, that in those policies the property was insured as a whole and in a single item. The burden was thus thrown upon the defendant, to show that the property was so classified in those policies as to relieve it in whole or in part from its liability as to any particular item, if such was the fact.

The amount recovered was the defendant's proportionate share of the loss, with interest from the time the loss became due to the date of the trial. The judgment was warranted by the evidence.

We find no error in the record, and the judgment will therefore be affirmed.

Judgment affirmed.