## The Massachusetts Benefit Life Association v. Martha W. Sibley.

1. INSURANCE — *Receipt for Premium Contained in the Policy.* —
When a policy of insurance contains an acknowledgment of the receipt
of the premium, in the absence of fraud, such acknowledgment can not
be contradicted for the purpose of avoiding the policy.

2.  SAME — *Proofs of Loss, When Necessary.* — When an insurance company denies its liability upon a policy, it waives the furnishing of proofs of loss.

**Memorandum.**—Assumpsit.  In the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding.  Declaration on an insurance policy; plea of the general issue; trial by jury; verdict and judgment for plaintiff; appeal by defendant.  Heard in this court at the October term, 1894, and affirmed.  Opinion filed January 10, 1895.

## STATEMENT OF THE CASE.

This suit is upon an insurance policy for $2,000, upon the life of Edward L. Sibley, payable to the appellee.  The allegations of the declaration are that the appellant made its policy of insurance and delivered it to Edward L. Sibley, on the 9th day of December, 1893, the same day it was issued; that on the 27th day of December, 1893, Sibley died, and that proofs of death and claim had been made in accordance with the provisions of the policy.  The plea is the general issue.

Sibley was, about the 1st of December, 1893, engaged in the business of soliciting life insurance; the Chicago manager of the appellant met Sibley, who asked the privilege of placing his surplus life insurance with the appellant. Appellant's manager told him that any surplus business he would place, they would be glad to receive and pay him a commission on.  Sibley said he would do this.  Blank applications and literature were furnished Sibley by the appellant's manager.  A few days after, and about December 6, 1893, Sibley left three applications in the manager's office, one of Dr. Campbell for $5,000 insurance, one of Mr. Coughenour for $5,000, and his, Sibley's own application, for $2,000.  All three applications were sent to the home office of the company at Boston, in the ordinary course of business.

In due course of time, about December 11, 1893, the policies were received upon these three applications, by the appellant's manager at his office, by mail, they being signed at Boston, December 9, 1893.  The manager opened the

letters containing these policies, took them out and put them in envelopes addressed to the persons whose lives were to be insured, and laid them on his desk. He otherwise never delivered them to anybody, but left them on the outside of his desk. Sibley came to the office in the absence of the manager, took the policies and carried them away. It was and is the custom of the office to permit a soliciting agent to take the policies solicited for by him out of the office, for the purpose of delivering them to the insured and collecting the premiums.

Sibley's death occurred about two weeks after he got the policies in the manner above stated, and after Sibley's death, Dr. Campbell and Mr. Coughenour called at the office of the appellant in Chicago and paid the first premiums on their policies.

This particular policy Sibley took home and delivered to his wife, the appellee, saying: "This is yours, take care of it." One of the provisions of the policy obtained by Sibley, is as follows: "This policy shall not become operative, so as to bind the association, until the first payment is made thereon, and the policy is actually delivered to the member herein during his life-time and while in good health."

No proofs of loss or death claim were ever made. All that was done in connection with this was that the appellee signed an application for blanks upon which to make proofs of loss, and mailed it to the appellant, and that the appellee's brother-in-law, Shurtleff, called at the Chicago office of Mr. Rand, the vice-president of the appellant, and asked him if the blanks had been sent from the home office in Boston. Rand said it was not necessary, that they did not consider that appellee had any claim on appellant.

The fifth provision of the policy sued on provides that the death claim shall be payable, subject to the conditions herein, in ninety days after the acceptance of satisfactory evidence of the death of said member and proof of a valid claim under this contract, * * * and that the place of this contract is the home office of the association in the city of Boston, and the contract shall be governed by and con-

strued only according to the laws of the State of Massachusetts.

B. M. Shurtleff testified that about three or four days before Sibley died, he took the policy sued on to the office and asked Rand, who was the vice-president of the company and a director in it, if the policy was in full effect and whether it was good, and that Rand informed him that it was, and called his attention to the receipt of the money embodied in the face of the policy; that Rand asked him to wait until the stenographer and book-keeper returned, and she would be able to tell fully; that he did so, and when she returned Rand asked her if the Sibley policy was all right, and she referred to the books and said it was.    This witness further says that he there told Rand that if there was anything due upon the policy he would be glad to pay it; that Rand informed him that it was not necessary, as the policy was paid by the premiums that he (Sibley) had earned in those other policies.

The policy sued on recites that, in consideration of the payment of $24.82,  *  *  *  by Edward L. Sibley,  *  *  * the receipt of which is hereby acknowledged," etc.

There was a verdict and judgment for the plaintiff for the full amount of the policy.

Varnum & Anderson, attorneys for appellant.

Delos P. Phelps and McKenzie Cleland, attorneys for appellee.

Mr. Presiding Justice Waterman delivered the opinion of the Court.

The policy upon which suit was brought seems to have passed into the possession of the assured in the ordinary course of business of the appellant.    The facts concerning its delivery are like those in the case of the policies in favor of Mr. Coughenour and Doctor Campbell.    Appellant, without question, recognized the regularity of the delivery of those policies, and we see no good reason for distinguishing the policy of Mr. Sibley from the others.

There was also evidence that the vice-president of appellant, more than a week after Mr. Sibley took his policy to his home, recognized it as a binding obligation. According to his own testimony he then made no objection to the delivery, saying that if the premium had been paid it was all right.

The policy containing, as it does, an acknowledgment of the receipt of the premium, we do not think that in the absence of any showing of fraud such acknowledgment can be contradicted for the purpose of avoiding the contract. Illinois Central Insurance Company v. Wolfe, 37 Ill. 355; Provident Insurance Company of Chicago v. Mary Fennell, 49 Ill. 180; Teutonia Life Insurance Company v. Mary Mueller et al., 77 Ill. 22; Teutonia Life Insurance Company v. Anderson, 77 Ill. 386.

Appellant was duly notified of the death of the assured, and an offer to furnish proofs made; this offer it declined by denying the existence of any policy upon which proofs could be made.

This denial by appellant of any liability upon the policy warranted the jury in finding that the furnishing of proofs of loss had been waived. Metropolitan Accident Ass'n v. Windover, 137 Ill. 417–434; Penn. Marine and Fire Ins. Co. v. Lewis et al., 18 Ill. 553; German Ins. Co. v. Frederick, 7 U. S. Circuit Court of Appeals, 122–126; Young v. Ohio Farmers Ins. Co., 52 N. W. Rep. 454.

The jury was instructed more favorably for appellant than it had a right to demand or expect.

With the conclusions of the jury we see no reason for interfering. The objections here made to the declaration do not appear to have been urged in the trial court where they could easily have been removed.

The judgment of the Circuit Court is therefore affirmed.