## Court of Honor v. Carrollton T. Clark.

1. INSURANCE POLICY—*what proof not essential to recovery upon.* Proof of the truth of the statements of the applicant is not essential to recovery upon an insurance policy.

2. WARRANTIES—*rule of insurance law with respect to.* Warranties are not favored since they must be literally fulfilled and where it is doubtful whether the statements made in the application for insurance are to be regarded as warranties or representations, they will be deemed representations.

3. WARRANTY—*what does not render statement a.* The use of the word "warranty" does not necessarily render a statement made in an application a warranty.

Action of assumpsit. Appeal from the Circuit Court of Fulton County; the Hon. GEORGE W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1905. Affirmed. Opinion filed March 20, 1906.

WILLIAM B. RISSE and MASTERS & MASTERS, for appellant.

MARVIN T. ROBISON and HARRY M. WAGGONER, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Appellee brought suit to recover upon a benefit certificate of insurance issued by appellant to Armillie E. Clark, wife of appellee. Upon the trial a verdict was returned in his favor; judgment was rendered thereon and appellant brings the suit to this court by appeal.

Appellant contends that under the pleadings it was incumbent upon the appellee to prove in the first instance not only the issuing of the policy, the appellee's interest in the life of the insured and the payment of all assessments, etc., but also the performance of fulfillment of the warranties (so-called) contained in the application upon which the policy was issued.

This is not the rule in this state. Appellee proved in chief the issuing of the policy, the date of the death of the

insured and that all dues and assessments were paid up to the time of her death; gave evidence of the furnishing of proofs of death to appellant and appellant's rejection of the claim.

This has been held to make a *prima facie* case in favor of the plaintiff. He is not bound to prove in the first instance the truth of the averments in the application. Mutual Benefit Life Insurance Co. v. Robertson, 59 Ill., 123; Continental Life Insurance Co. v. Rogers, 119 Ill., 474–485; Phœnix Insurance Co. v. Stocks, 149 Ill., 319–326.

In the case last above cited the court say expressly that "To be availed of as a defense, without regard to whether the statements of assured were warranties or representations merely, their falsity or breach by the assured must be set up and proved by the defendant as a matter of defense."

It is further contended by appellant that the statements of the insured in the application signed by her amounted to a warranty of the truth thereof, and were not mere representations.

The language upon this subject in the application, which deceased signed, was in substance as follows: "I declare, answer and warrant as follows: I live at Lewiston; I was born in the State of Michigan on the first day of January, 1871; I am now of sound body and mind, in good health and free from disease; * * * I agree that any untrue or fraudulent statement or answer made to the district medical examiner, or any concealment of facts, intentional or otherwise in this application * * * shall forfeit the right of myself and that of my beneficiary," etc.

Appellant argues that such statement amounts to a warranty and that all appellant need to show to defeat a recovery is that such warranty is not true, without regard to whether or not assured knew or believed them to be true when she made them and without regard to the fact that a physician, acting as an examiner for the company, made examination of the deceased as to her state of health prior to the issuing of her policy.

Upon this subject it is now generally conceded that war-

ranties are not favored, since they must be literally fulfilled. And if it is doubtful whether statements made by the applicant are to be regarded as warranties or as representations, they will be deemed representations. Amer. & Eng. Encyclopedia Law, 2nd ed., vol. 16, page 923; Merchants & Mechanics' Ins. Co. v. Schroder, 18 Ill. App., 216.

We believe this question, *i.e.,* whether the declaration be a warranty or merely a representation, to be fairly settled against the contention of appellant. In the case of Continental Life Ins. Co. v. Rogers, 119 Ill., 474, the answer, statements and declarations in the application for insurance were *warranted* by the assured to be true in all respects, and the further statement made that if the policy was obtained through fraud, misrepresentation, or concealment, it would be null and void. The court there construe the two parts of the clause and say that both elements are to be considered in forming a basis of the decision as to whether the statements make a *warranty* or representation merely, and further say that the only way in which to give that provision of the policy relating to fraud, concealment and misrepresentation any effect at all, is by treating the answers in the policy as representations and not warranties.

The same doctrine is in substance announced in Globe Life Ins. Association v. Wagner, 188 Ill., 133–138, and Connecticut Mutual Life Ins. Co. v. Young, 77 Ill. App., 440.

While the first clause or first part of the statement, standing alone, may perhaps amount to a warranty by the insured, the additional statement: "I agree that any untrue or fraudulent statement or answer made, etc., will forfeit the right of myself and that of my beneficiary," renders the entire proposal or statement a representation merely.

Appellant upon the trial offered in evidence the certificate of death of the insured prepared by one Dr. Talbott to which the court sustained an objection to so much thereof as had relation to the duration of the disease from which the assured died. There was no error in excluding the evidence offered.

While the statute may require every physician to report the death of his patients to the State Board of Health, yet such report could not in itself be. evidence in this suit over the objection of appellee. Such a certificate is not of a judicial character. Even if sworn to it could, at most, be competent only as one of the proofs of death which are usually presented in obedience to some rule of the insurance company. This was in substance all that the court held upon that subject in Modern Woodmen v. Davis, 184 Ill., 236, cited by appellant.

Under the holding hereinbefore announced the declarations of deceased as to her condition of health were representations merely and to defeat a recovery upon the policy it would have been incumbent upon the part of appellant to show that such statements were fraudulent. Upon this issue we are entirely satisfied to accept the verdict of the jury. It seems to us to be right under the evidence and should be sustained.

It is not necessary to discuss appellee's instructions, complained of, as they were properly given under the holdings above expressed.

The judgment is affirmed.

*Affirmed.*