SECOND DISTRICT—MARCH, 1910.        489

Kidder v. Supreme Assembly of the A. S. of E., 154 Ill. App. 489.

Amanda Kidder, Appellee, v. The Supreme Assembly
of the American Stars of Equity, Appellant.

Gen. No. 5298.

1. FRATERNAL BENEFIT SOCIETIES—*when charged with knowledge of member's physical condition prior to admission to membership.* If the officers of a subordinate lodge had knowledge of the physical condition of an applicant for membership, the supreme lodge of such society is charged with a like knowledge.

2. FRATERNAL BENEFIT SOCIETIES—*when estoppel precludes defense.* The retention of money paid as assessments and the failure to cancel the certificate of membership, all with knowledge of the physical condition of the member, indicate such a ratification and confirmation of the certificate as to estop the society from asserting the defenses of breach of warranty or false representations.

3. FRATERNAL BENEFIT SOCIETIES—*how answers in application construed.* Courts of this state have held that if it is doubtful whether statements made by the applicant for insurance are to be regarded as warranties or as representations, they will be deemed representations, warranties not being favored, since they must be literally fulfilled.

4. FRATERNAL BENEFIT SOCIETIES—*when answers in application representations and not warranties.* The statement "I hereby warrant the truth of all answers given in the above questions," is not a warranty of the absolute truth of such answers when construed in connection with the statement that the answers are "true to the best of my knowledge and belief."

Assumpsit. Appeal from the Circuit Court of Lee county; the Hon. R. S. FARRAND, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed March 11, 1910.

WILLIAM N. CRONKRITE, HENRY S. DIXON and GEORGE C. DIXON, for appellant.

BROOKS & BROOKS, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

Fred J. Kidder was examined by Dr. J. G. Woker for membership in the Supreme Assembly of the American Stars of Equity, a fraternal beneficiary cor-

poration organized under the laws of Illinois, and was admitted to the society on his report, and a certificate of insurance for $1,000 was issued to him April 26, 1904, wherein his mother, Amanda Kidder, was named as the beneficiary. The application signed by Kidder, stated, among other things, that he had never had paralysis, and contained the following: ·

"I further agree that the answers made by me to the questions propounded by the medical examiner and also answers made to all other questions herein appearing, are each and every one of them true, to the best of my knowledge and belief; and I agree that any concealment of facts, or any untrue or fraudulent statement made by me, shall forfeit my rights to all the benefits of the order and to membership therein.

"I hereby warrant the truth of all the answers given to the above questions."

Kidder died from cerebro-spinal meningitis on September 17, 1907. Proofs of death were furnished the society and an offer made to deliver up the certificate. The society refused to pay the insurance, whereupon Amanda Kidder brought suit in *assumpsit* in the Circuit Court of Lee county to recover the amount of the certificate, and obtained a verdict and a judgment for $716, from which the society prosecutes this appeal.

It is admitted that Dr. Woker was appellant's authorized medical examiner and it is not denied that the certificate was issued to Kidder on a statement signed by Dr. Woker that he had examined Kidder and considered him a first-class risk, but it is urged that Kidder's answers were warranties, and as they were false, the certificate is vitiated; that Kidder had paralysis in 1899 and that he and Dr. Woker conspired to obtain the certificate.

Dr. Woker testified that he attended Kidder professionally in 1899, and, at that time, he had temporary reflex paralysis caused by diseases of the penis and rectum from which he was then suffering; that he was soon cured of these diseases by an operation, whereupon in

about two weeks the reflex paralysis disappeared, and he got as well as he was originally; that it was not real paralysis. There was proof that after Kidder obtained the certificate he had the appearance of a person who had been paralyzed, walked with a limp and talked out of the side of his mouth. Dr. Woker testified that he treated Kidder for a sprained ankle in connection with his other troubles; that he never got entirely over it, and that he limped, in his opinion, because of the ankle. From this conflict in the testimony, it was a question of fact for the jury, whether or not, when Kidder signed the application, he had had paralysis within the meaning of the term in the application.

The society issued the certificate with knowledge of all the facts relative to Kidder's sickness in 1899, known to Dr. Woker, its examining physician. If Kidder had paralysis in 1899 and Dr. Woker knew of it, it was known to appellant, and it received him into membership and issued the certificate with full knowledge of it. It is well settled that in a fraternal benefit association the officers of a subordinate lodge are the agents of the supreme lodge. Court of Honor v. Dinger, 221 Ill. 176; Jones v. Supreme Lodge Knights of Honor, 140 Ill. App. 227. "Notice to the agent at the time of the application for the insurance, of facts material to the risk is notice to the insurer, and will prevent it from insisting upon a forfeiture for causes within the knowledge of the agent." Phenix Ins. Co. v. Hart, 149 Ill. 513; Home Ins. Co. v. Mendenhall, 164 Ill. 458; Provident Life Society v. Cannon, 201 Ill. 260. The evidence further shows that appellant received assessments paid by Kidder on the certificate for nearly two years and a half and retained them, though it now claims the certificate was void from the beginning. It would be unjust to hold that having full knowledge of the facts, appellant could continue for two years and a half to recognize Kidder as a member and receive assessments from him, and then after his

death insist that he was never a member of the society. The retention of the money paid as assessments and the failure to cancel the certificate indicates such a ratification and confirmation of the certificate as to estop the society from asserting the defense sought to be here set up. Coverdale v. Royal Arcanum, 193 Ill. 91.

Respecting appellant's contention that the answers in the application were warranties, the courts of this state have held that if it is doubtful whether statements made by the applicant for insurance are to be regarded as warranties or as representations, they will be deemed representations, warranties not being favored, since they must be literally fulfilled. Court of Honor v. Clark, 125 Ill. App. 490. In the case of Continental Life Insurance Company v. Rogers, 119 Ill. 474, the answers, statements and declarations in the application for insurance were warranted by the insured to be true in all respects, and the further statement was made that if the policy was obtained through fraud, misrepresentation, or concealment, it would be null and void. The court construed the two parts of the clause and said that both elements were to be considered in forming a basis of the decision as to whether the statements made a warranty or representation merely, and further said that the only way to give the provision of the policy relating to fraud, concealment and misrepresentation effect, was by treating the answers in the policy as representations and not warranties. The same doctrine is announced in Globe Life Insurance Association v. Wagner, 188 Ill. 133, and Connecticut Mutual Life Insurance Company v. Young, 77 Ill. App. 440; and in Berner v. Brotherhood of American Yeomen, *ante*, p. 27. The statement, "I hereby warrant the truth of all answers given in the above questions" in Kidder's application, in our opinion, cannot be held as a warranty of the absolute truth of his statements, when construed with the statement that the answers are "true to the best of my

SECOND DISTRICT—MARCH, 1910.    493

Kidder v. Supreme Assembly of the A. S. of E., 154 Ill. App. 489.

knowledge and belief.'' The two statements read together constitute a representation merely. As the statement by Kidder that he had never had paralysis was a representation, it was necessary for appellant to prove, not only that Kidder had had paralysis before making the application, but also that Kidder knew that fact when he made the application, and that the fact that he did have paralysis was material to the risk. Provident Savings Life Insurance Society v. Cannon, 103 Ill. App. 534. There is no proof in this record that Kidder knew that he had had even reflex paralysis prior to making the application, nor that his having had paralysis was material to the risk.

What the supreme medical examiner would or would not have done under certain conditions or what consulting physicians may have said to Dr. Woker in regard to Kidder's condition at the time of his illness in 1899, was immaterial, and there was no error in its exclusion.

To have rendered appellant's refused instructions proper, the evidence must have shown knowledge on the part of Kidder that he had paralysis and that he was actuated by a fraudulent purpose in procuring the certificate, and as there was no evidence of either, they were properly refused.

Substantial justice has been done in this cause by the verdict and judgment, and the record contains no such error as calls for the reversal of the case.

The judgment of the Circuit Court is affirmed.

*Affirmed.*