## Lizzie Rostetter, Appellee, v. American Insurance Company, Appellant.

1. INSURANCE, § 120*—*when policy construed in favor of insured.* Where clauses in an insurance policy are susceptible of two constructions, in conflict, the one most favorable to the insured will be adopted by the courts.

2. INSURANCE, § 219*—*when provision in policy against foreclosure proceedings withbut consent of insurer inoperative.* A provision in a policy of fire insurance that the policy shall be null and void if foreclosure proceedings are commenced without the consent of the insurance company, *held* to be inoperative as between insurer and the mortgagee where a mortgage clause is attached to the policy making the loss payable to the mortgagee, the mortgage containing a clause giving mortgagee the right to foreclose in case of default in the payment of interest, which the insurer must have known when attaching the mortgage clause to the policy, and to require mortgagee to obtain the consent of the insurer would in effect destroy the purpose of the mortgage clause.

3. INSURANCE, § 456*—*denial of liability as waiving proof of loss.* Insurance company refusing to pay a loss on the ground of its nonliability in any event cannot insist, in defense of an action for the insurance, that the preliminary proof of loss was not made or was insufficient.

4. INSURANCE, § 674*—*propositions of law.* Propositions of law concerning the effect of a mortgage clause attached to a fire insurance policy containing a clause against foreclosure proceedings with the consent of the insurer, and as to what constitutes a waiver of preliminary proof of loss, *held* to be properly held as law by the trial court.

Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed October 16, 1913. Rehearing denied November 12, 1913.

LIVINGSTON & BACH, for appellant.

S. P. ROBINSON, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit commenced in the Circuit Court of

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

McLean county by the appellee to recover upon a fire insurance policy issued January 9, 1911, by the appellant to George H. Jones, insuring his one story frame building against loss by fire, etc., with the following clause attached thereto: "Loss, if any, on building insured under this policy, is hereby made payable to Lizzie Rostetter, mortgagee, as her interest may appear at the time of the loss, subject, however, to all the conditions and stipulations of this policy No. 09791, of the" appellant Company, and is dated January 17, 1911.

The policy also contained, among others, a provision as follows: " or, if foreclosure proceedings be commenced without the consent of this company endorsed hereon, then in each and every one of the above cases, this policy shall be null and void."

Still another provision of the policy provided that "no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy."

On January 17, 1911, the said George H. Jones was indebted to the appellee in the sum of four hundred dollars and gave a promissory note therefor and a mortgage upon the premises covered by the insurance policy, to secure the same, and the said mortgage contained a clause which provided: "if default be made in the payment of the interest when due, the whole debt may be declared due and foreclosure proceedings instituted."

Mr. Jones failed to pay the first instalment of interest, and a foreclosure proceeding was instituted and a decree taken upon the same and the said premises advertised for sale by the master in chancery for the 8th day of July, 1911. Two days before the time so advertised for sale of the premises the building was entirely destroyed by fire, the loss being total. On the next morning after the fire a Mr. Falkingham, agent of the appellant, learned of the fire and went to the home of

Mr. Jones and told him he would report the loss to the Company. About one week after the fire a Mr. Hubbel, an agent and adjuster for appellant, appeared at Towanda, the home of Mr. Jones, and sent for him to come to the hotel. After considerable talk about the fire and loss, Mr. Jones asked the adjuster if he was going to adjust and pay his loss and Mr. Hubbel replied that he was not, and after some further conversation the adjuster departed. Upon the witness stand Mr. Hubbel explained that the reason for not adjusting the loss was the foreclosure proceeding, which he believed, under the clause above quoted, relieved the Company from liability.

Appellee afterwards, and before the beginning of the suit herein, notified appellant on two different occasions of her rights in the matter, and demanded payment. Appellant declined to pay.

This suit was begun in the Circuit Court of McLean county, and the declaration contained two counts, being in the usual form in such proceedings, and avers a total loss and the granting of the mortgage clause in her favor, etc. A plea of the general issue was filed by appellant and a stipulation was entered into by the respective parties provided that all proper defenses might be made under said plea, to the same extent as if special pleas had been filed. The jury was waived and the cause submitted to the court, and a judgment was entered in favor of appellee in the sum of five hundred and thirty-two dollars and costs of suit. This appeal was prayed and perfected, bringing the record to this court for review.

W. A. Freese, an insurance agent of appellant, knew of the default in the payment of the interest and that foreclosure proceedings had been commenced. During that period he had the policy in his possession and knew it contained a mortgage clause in favor of appellee, but he failed to communicate such facts to the home office of appellant.

No written proof of loss was filed with appellant by anyone.

The application for the insurance, which was signed by Mr. Jones, provided for the insertion of a mortgage clause when the policy issued.

The following propositions of law were submitted on behalf of appellee and held to be the law applicable to this cause:

1. The court holds that the foreclosure of the mortgage upon the premises covered by the insurance policy sued upon in this case did not invalidate said policy.

2. The court holds that the defendant, by adding the mortgage clause to the policy of insurance, rendered the condition in the policy, against foreclosure of mortgages, inoperative.

3. The court holds that as between the mortgagee and the defendant the condition of the policy of insurance, providing that the policy should be void, in the event suit was commenced to foreclose a mortgage, was inoperative, and the suit by the plaintiff to foreclose a mortgage, on the premises covered by the insurance policy did not render the policy void.

4. The court holds that the right of the plaintiff to foreclose her mortgage was incident to her security given by the defendant, by adding the mortgage clause to the policy, and the policy was not affected by the plaintiff's suit to foreclose her mortgage.

5. The court holds that the defendant Company, by its agent, Falkingham, waived the condition of the policy requiring sworn proof of loss.

6. The court holds that the defendant Company, by its adjuster, Hubbel, waived the condition in the policy requiring sworn proof of loss.

7. The court holds that the sworn proof of loss required by the policy was waived by the agent, Falkingham, telling Jones he would report the loss to the Company and attend to that matter for him.

8. The court holds that the plaintiff is entitled to

recover the face of the policy, with interest at five per cent. per annum, from the commencement of suit.

There is no material controversy in this case as to the facts. The chief objection relied upon by appellant, as ground for the reversal of the judgment, is that the court held the above propositions to be the law applicable to the cause.

When an insurance company refuses to pay a loss on the ground of its nonliability in any event, it cannot insist, in defense of an action, that the preliminary proof was not made or was insufficient. *Williamsburg City Fire Ins. Co. v. Cary,* 83 Ill. 453; *Grange Mill Co. v. Western Assur. Co.,* 118 Ill. 396; *Continental Ins. Co. v. Ruckman,* 127 Ill. 364.

In the case at bar, within a week after the loss, the adjuster who came on that occasion with instructions from the Company to investigate the loss was informed of the loss and of the foreclosure proceedings. He at once determined that the Company was not liable and announced to Mr. Jones that the Company would not pay, and the appellant has maintained and does now maintain that it is not liable on account of the commencement of the foreclosure proceeding. We must, therefore, conclude that the question of the proof of loss did not in any manner control the appellant's action in refusing to pay. When an insurance company denies liability it is estopped from making any formal objection to the proof of loss.

The question of the effect of the foreclosure proceedings as raised by the propositions of law held by the court, set out in the first, second, third and fourth propositions, is vital to the decision of this case.

The rule, as announced in the case of *Lancashire Ins. Co. v. Boardman,* 58 Kan. 339, is: "These provisions appear in an entirely different light when construing the policy with the mortgage clause attached, in an action brought by the mortgagee. The commencement by the mortgagee of proceedings to foreclose a mortgage is not prohibited by the express terms of the

mortgage clause, nor by any fair implication contained therein. If prohibited at all, it must be by reason of the provisions of the policy quoted. Construing both the original policy and the mortgage clause together, in the light of the plain purpose to insure the interest of the mortgagee, the commencement of foreclosure proceedings cannot be held in violation of any stipulation forbidding the mortgagee."

The appellant must have known, when attaching the mortgage clause to the policy in question, that it might become necessary for the mortgagee, in order to protect her interests under the mortgage, to commence forclosure proceedings. *German Ins. Co. of Freeport v. Churchill,* 26 Ill. App. 206.

In *Getman v. Guardian Fire Ins. Co.,* 46 Ill. App. 489, the following language is used: "The contract created by the policy and the added clause, was one between the insurer, the insured and the beneficiary. Their relations to each other were within the contemplation of each contracting party, and neither one should be permitted to avoid a duty imposed by the contract because of the interposition of a legal result which, from the nature of the objects to be secured by the contract, must have been within the knowledge of all as one likely to follow."

Where clauses in an insurance policy are susceptible of two constructions, on conflict, the one most favorable to the insured will be adopted by the courts. In this case there is a conflict between the rights of appellee and appellant as to whether or not appellant's consent must be had before appellee could legally proceed to foreclose her mortgage lien. The object and purpose of appellee in obtaining the mortgage clause to be inserted in the policy in question was to add additional security to the note and mortgage mentioned, and that fact was well understood by appellant at the time the clause was inserted. It must have been equally well understood by appellant that there might be a default in the payment of the mortgage and that a foreclosure

proceeding would necessarily follow. To say that appellant's consent was necessary before a foreclosure proceeding could be instituted is in effect to destroy the very object and purpose of the insertion of the mortgage clause.

Applying the rule as hereinabove announced, we cannot agree with the contention of appellant that the propositions of law as held by the court, which we think control this case, were erroneously held.

Therefore, the judgment is affirmed.

*Affirmed.*