## Frank S. Nash, Appellee, v. William J. Eddy et al., Appellants.

### (Not to be reported in full.)

Appeal from the Circuit Court of Shelby county; the Hon. JAMES C. McBRIDE, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed October 16, 1913. Rehearing denied November 6, 1913.

### Statement of the Case.

Action by Frank S. Nash against William J. Eddy and others to recover insurance on an imported Belgium stallion. The policy was issued to plaintiff by one Frank B. Stairwalt, sole owner of an unincorporated insurance business which was run under the name of the Kaskaskia Live Stock Insurance, and subsequent to the issuance of the policy Stairwalt sold his insurance business to the defendants under a contract whereby defendants insured and agreed to pay all legal claims against said insurance business. From a judgment in favor of plaintiffs for one thousand dollars defendants appeal.

CHAFEE & CHEW, for appellants.

W. C. and T. M. HEADEN, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

### Abstract of the Decision.

1. INSURANCE, § 663*—*when evidence insufficient to prove plaintiff made material misrepresentations as to health of horse or that he failed to properly care for it.* In an action to recover insurance on a horse dying from lockjaw, defendants' evidence *held* insufficient

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

to prove either that plaintiff made material misrepresentations as to the health of the horse or that plaintiff failed to properly care for the horse after symptoms of the disease appeared, it appearing that the agent of the insurer wrote the answers in the application after being informed by the plaintiff that the horse had been treated for summer sores and paraphomosis, that about two weeks before its death its hind foot had been injured and that plaintiff called a veterinarian within an hour after knowledge that horse would not eat.

2. Insurance, § 208*—*warranties and representations distinguished.* In insurance contracts a representation is a statement relating to a material matter and is only required to be substantially true, while a warranty must be literally true. Warranties enter into and are a part of the contract, while representations are mere inducements to it.

3. Insurance, § 209*—*when statements in an application for insurance will be construed representations rather than warranties.* Statements in an application for insurance will be construed as warranties only when the language is so clearly and unequivocally expressed as to leave the court no other alternative. If the language is ambiguous and doubtful, or if there is another reasonable construction that may be placed upon it, and thus avoid the consequence of a warranty, courts are inclined to adopt the latter construction.

4. Insurance, § 209*—*when answers in application construed as representations.* Answers to questions in an application will be construed representations instead of warranties where the application states, "I have read the foregoing application and fully understand the same, and have answered all the foregoing questions and warrant the truth of such answers, and it is fully understood that should this application be accepted and policy issued, that it is done solely upon representations herein named."

5. Set-off and recoupment, § 29*—*necessity of plea of set-off.* In an action to recover insurance on a horse, insurer *held* not entitled to set-off plaintiff's indebtedness on a promissory note given to it for an unpaid premium, where no plea of set-off was filed.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.