## David P. Briggs, Administrator de bonis non, Appellee, v. Bankers Accident Insurance Company, Appellant.

1. TRIAL, § 82*—*when proper to reopen cause for further evidence from plaintiff who has rested.* The practice of opening a case and permitting plaintiff to introduce further proof after he has formally rested his case, and after defendant has moved the court to give a peremptory instruction for defendant, is not an unusual one and is a matter resting within the sound discretion of the trial court.

2. INSURANCE, § 350*—*what effect of delivery of policy as to payment of premium.* The unconditional delivery of the policy of accident insurance in question was not only a waiver of the prepayment of any premium provided for therein, where the proof showed that it had not been paid, but was *prima facie* proof that such premium had in fact been paid.

3. INSURANCE, § 466*—*when proof of death waived by pleading to merits.* An accident insurance company waived making proof of death by pleading to the declaration on the merits without mentioning the want of proof of death.

4. INSURANCE, § 214*—*when statements in application deemed representations.* The settled rule in this State that where it is doubtful whether the statements in an application for insurance are representations or warranties, they will be deemed to be representations, warranties not being favored because they must be literally fulfilled, applied so as to hold that statements in an application as to the holding of other accident or health insurance were representations and not warranties.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

5. INSURANCE, § 654*—*when other policies inadmissible to show other insurance.* In an action on an accident insurance policy, where defendant claimed that the policy was avoided because the insured in answer to a question in the application as to whether he had any other accident or health insurance answered that he had none, although in fact he then had one life insurance policy and one benefit certificate in other companies, it was not error to refuse to admit such other policy and such certificate in evidence, as the one company was not an accident and health insurance company and the other was a benefit society and not an insurance society in the sense that membership in it is regarded as a violation of a covenant not to take other insurance.

6. INSURANCE, § 686*—*when question whether insured intoxicated at time of death question for jury.* In an action on an accident insurance policy, the question whether or not the insured came to his death while intoxicated was purely a question of fact for the jury.

Appeal from the Circuit Court of Logan county; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the April term, 1918. Affirmed. Opinion filed April 29, 1919. Rehearing denied July 9, 1919.

C. EVERETT SMITH and GEORGE W. KENNEY, for appellant; FRED I. EDGELL, of counsel.

J. E. MILLER and BEACH & TRAPP, for appellee.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

Emery Edward Briggs was killed on September 14, 1916, by being struck by an automobile while he was walking in the public highway. At the time of his death he held a policy of insurance against the effects resulting directly and solely from bodily injuries received through external, violent and accidental means, which cause total disability immediately and continuously from date of accident, and against the effects of bodily sickness or disease.

This suit was brought by the administrator of the estate of Emery Edward Briggs, deceased, to recover

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

on that policy. Appellant filed the general issue and several special pleas, none of .which is based on the lack of proof of death. The jury found the issues for the plaintiff and assessed his damages at $1,000. To reverse the judgment entered on the verdict the defendant has appealed.

The first point made by appellant is that the court erred in opening the case and permitting appellee to introduce further proof after he had formally rested his case and after appellant had moved to have the court give to the jury a peremptory instruction to find the issues for it. The practice pursued is not an unusual one and is a matter within the sound discretion of the trial court. Where that discretion is not shown to have been abused, its exercise is not error. The proof supplemented in this case was formal and not calculated to prejudice or surprise appellant or put it to any disadvantage, and no error was committed in permitting it to be so introduced.

It is next contended by appellant that appellee failed, first, to prove the payment of the first premium; and second, to make proof of death, or of the waiver of such proof. The unconditional delivery of a policy of insurance, which the evidence shows was done in this case, is not only a waiver of the prepayment of any premium provided for therein, if the proof shows it has not been paid, but it is prima facie proof that such premium has in fact been paid, which is sufficient in the absence of proof to the contrary. *Globe Mut. Life Ins. Ass'n v. Meyer,* 118 Ill. App. 155; *Gosch v. State Mut. Fire Ins. Ass'n,* 44 Ill. App. 263. Besides that there was introduced in evidence a receipt for a note for $35 "in payment of membership fee and premiums for one year on policy applied for," which receipt is signed by the solicitor who took the application on which the policy of insurance was issued. On the question of lack of proof of death, it is sufficient to say that by pleading to the declaration on

the merits without mentioning the want of proof of death, appellant has waived the making of such proofs. *Williamsburg City Fire Ins. Co. v. Cary*, 83 Ill. 453; *Massachusetts Ben. Life Ass'n v. Sibley*, 57 Ill. App. 246; *Rostetter v. American Ins. Co.*, 184 Ill. App. 157; *Gash v. Home Ins. Co. of New York*, 153 Ill. App. 31. Such a waiver is in the nature of an estoppel *in pais* and may be proven without being pleaded. *Evans v. Howell*, 211 Ill. 85-93, and cases there cited.

It is next urged by appellant that the application of the deceased for the policy sued on is part of the policy itself, and that the answers to questions therein contained amount to and are warranties of the truth of facts there stated; that in such application the deceased was asked "Have you any other accident or health insurance?" and that he answered "No," while in truth and in fact he at that time had a life insurance policy for $2,500 issued by the Franklin Life Insurance Company and a benefit certificate for $1,000 issued by the Modern Woodmen of America, and that by reason of the fact that the policy sued on was obtained by such false warranties, it is void. At the head of the application, pursuant to which the policy in question was issued, there is the following statement, questions and answers.

"I hereby apply for a policy of insurance in the Bankers Accident Insurance Company, such policy to be based upon the following statement of facts, which I make in answer to its interrogatories. Do you warrant all *statements* and answers to be true and complete; and agree if any of the statements made herein are untrue; or if you fail to fulfill any *agreement made herein,* then said policy shall be null and void and all payments made thereon shall be forfeited to the Company, if such false *statement* was made with actual intent to deceive or if it materially affects either the acceptance of the risk or the hazard assumed by the Company? Do you also agree that the Company shall

not be bound by any *statements* made by you or the solicitor unless endorsed hereon, and that this application shall not be binding until accepted at the Home Office and the insurance not to be in force until the policy is actually issued and premium paid by you? Answer—Yes.''

The opening sentence in the policy sued on is:

''In consideration of the agreements and statements contained in the application hereof, a copy of which is endorsed hereon and made a part of this contract the payment of the policy fee of $5.00 and the payment of the annual premium of $50.00, the Company * * * does hereby insure,'' etc.

It will be observed that all through the part of the application just quoted, the answers of applicant to follow are referred to as ''Statements and answers''; ''statements made herein''; ''false statements'' and ''statements made,'' and in the part of the policy quoted the same things are referred to as the ''agreements and statements contained in the application.''

In the case of *Spence v. Central Acc. Ins. Co.*, 236 Ill. 444, it was held that the language in a policy ''In consideration of the warranties and agreements in the application for this policy and of $25,'' is no more than a recital of the consideration which may be contradicted by parol. See also, *Kidder v. Supreme Assembly*, 154 Ill. App. 489, and cases there cited. In the case of *Nash v. Eddy*, 184 Ill. App. 375, reported there in abstract form, Mr. Justice Thompson said:

''In insurance contracts a representation is a statement relating to a material matter and is only required to be substantially true, while a warranty must be literally true. Warranties enter into and are part of the contract, while representations are mere inducements to it. *Minnesota Mut. Life Ins. Co. v. Link*, 230 Ill. 273. The application, while it warrants the truthfulness of the answers, yet, it concludes: 'It is understood that should this application be accepted and policy issued, that it is done solely upon the rep-

resentations herein named.' The language of an application to make the statements therein warranties must be so clearly and unequivocally expressed as to leave the court no other alternative, but to construe the statements to be warranties. If the language employed is ambiguous and doubtful, or if there is another reasonable construction that may be placed upon it and thus avoid the consequences of a warranty, courts are inclined to adopt the latter construction. *Minnesota Mut. Life Ins. Co. v. Link, supra; Moulor v. American Life Ins. Co.,* 111 U. S. 335; *Continental Ins. Co. v. Rogers,* 119 Ill. 474. The application itself stating that should this application be accepted and policy issued, that it is done solely upon the representations herein named, a court would not be justified in holding the statements to be warranties, when the application itself states that they are representations. *Globe Mut. Life Ins. Ass'n v. Wagner,* 188 Ill. 133. The court correctly held that the statements were representations.''

While the language employed in the policy and application before us is not so clear as to remove all doubt of its meaning, it is certain that it is even more suggestive of an intention to make the answers in the application mere representations or statements than was true in *Nash v. Eddy, supra,* and it is the settled rule in this State that where it is doubtful whether the statements in an application for insurance are representations or warranties they will be deemed to be representations, warranties not being favored because they must be literally fulfilled. *Continental Life Ins. Co. v. Rogers,* 119 Ill. 474; *Kidder v. Supreme Assembly,* 154 Ill. App. 489; *Court of Honor v. Clark,* 125 Ill. App. 490. In the light of the authority cited we hold the answers in the application for the policy sued on to be representations merely and not warranties. Even if the contrary view should be taken, and it should be held that the answers in the application were warranties, and that they were part of the

policy and must be construed with the other language in the policy, still there is nothing in the record to show that such answers were not strictly true. The language in the policy proper with respect to other insurance is:

"If the insured shall carry with another company, corporation, association or society *other insurance* covering the same loss without giving written notice to the Company," etc.

While the questions in the application and the answers to them are as follows:

8. "Have you any other accident or health insurance? No."

9. "Do you agree to notify this Company if you take any other insurance paying benefits for sickness or accident? Yes."

10. "Has any Insurance Company or Association ever cancelled your policy or declined to issue or renew a policy? No."

11. "Have you ever received any benefits from Accident or Health Companies or Associations?" (No answer.)

Construing all the language used in both policy and application with reference to other insurance than that furnished by appellant, there can be but one conclusion reached as to what sort of insurance is meant and that it was *accident and health insurance.* An examination of the $2,500 policy of the Franklin Life Insurance Company shows at once that it is not an accident and health insurance company, and the Modern Woodmen of America, from which the insured held a certificate of membership, is a benefit society and not an insurance company, in the sense that membership in it is regarded as a violation of a covenant not to take other insurance. *Peterson v. Manhattan Life Ins. Co.,* 244 Ill. 529. It was therefore not error for the court to refuse to admit the policy of the "Franklin" or the certificate of the "Modern Woodmen" offered in evidence.

It is lastly contended that the deceased came to his death while intoxicated, and therefore under the terms of the policy held by him no obligation rested on appellant to pay the policy. Whether or not he was so intoxicated at the time of the accident that caused his death was purely a question of fact for the jury to determine, and after being properly instructed they found in effect that he was not so intoxicated, and we are not prepared to say the verdict was contrary to the manifest weight of the evidence.

There is no reversible error in this record and the judgment is affirmed.

*Affirmed.*