### John W. Maltby, Appellee, v. The Empire Auto Insurance Association, Appellant.

### Gen. No. 7,584.

1. PLEADING—*effect of failure to prove immaterial allegation of declaration.* Judgment for the plaintiff in an action upon an automobile insurance policy will not be reversed on the ground that the

proof failed to establish the allegation of the declaration that after the loss the insurer agreed to pay, such allegation not being material to plaintiff's cause of action.

2. INSURANCE—*authority of agent to waive giving of notice of loss.* Notice of loss required to be given to an insurer may be waived by an agent of the company, if he has authority to solicit insurance, receive and forward applications, receive and deliver policies, and collect the premiums.

3. INSURANCE—*waiver of notice of loss to agent specified in policy.* If an automobile insurance policy requires notice of loss to be given to its attorney in fact, and the insured, after loss, gives notice to another agent of the insurer, and no objection is raised, there is a sufficient compliance with the policy where, in an action thereon, only the general issue is filed to a declaration alleging due notice.

4. INSURANCE—*special plea as prerequisite to attack upon sufficiency of notice of loss.* Where in an action upon a policy of insurance which requires notice of loss to be given to the insurer's attorney in fact the declaration alleges due notice, the objection that notice was given to an agent other than the one so designated can be raised only if specially pleaded, the general issue being insufficient.

5. INSURANCE—*necessity for special plea to raise issue as to noncompliance with provision of policy for arbitration.* In an action upon a policy of automobile insurance the objection that there was no compliance with the policy provisions for arbitration cannot be raised unless specially pleaded, the general issue being insufficient.

6. APPEAL AND ERROR—*failure to assert noncompliance with policy provision for arbitration on trial as precluding contention on appeal.* On appeal from a judgment for plaintiff in an action upon an automobile insurance policy a contention that there was no proof of compliance with a requirement of the policy for arbitration is without merit where it is apparent that the point was not raised at the trial.

7. INSURANCE—*unconditional delivery of policy as prima facie evidence of prepayment of premium.* Unconditional delivery of a policy of insurance is not only a waiver of the prepayment of the premium thereon, but is prima facie proof that the premium was in fact paid.

8. INSURANCE—*payment of premium to agent as payment to insurer.* Where the agent of the insurer to whom the insured paid the premium on his policy had the right to solicit insurance and had an open account with the insurer upon which he made remittances from time to time, the payment to the agent was payment to the insurer.

9. INSURANCE—*sufficiency of evidence to show cancellation of policy before occurrence of loss.* Where a policy of insurance provided that it might be canceled on five days' notice by mailing a letter of cancellation to the insured and a return of one-third of the premium, cancellation of a policy prior to a loss thereunder was not shown by proof of the mailing of a letter of cancellation, in the absence of proof that the letter was accompanied by a return premium.

Appeal by defendant from the Circuit Court of Kane County; the Hon. W. J. FULTON, Judge, presiding. Heard in this court at the October term, 1925. Affirmed. Opinion filed January 19, 1926.

GEORGE R. WARNER, for appellant; D. J. PEFFERS, of counsel.

SEARS & SOLFISBURG, for appellee.

MR. JUSTICE PARTLOW delivered the opinion of the court.

Appellee, John W. Maltby, began suit in the circuit court of Kane county against appellant, The Empire Auto Insurance Association, on a policy of insurance on an automobile which was stolen. The general issue was filed, a jury was waived, there was a trial by the court, no propositions of law were submitted, there was a finding and judgment against appellant for $340 and an appeal has been prosecuted to this court.

The evidence shows that appellant was a reciprocal association doing business at Aurora, Illinois, and W. O. Guyton was its attorney in fact. F. L. Wright was an automobile dealer at Yorkville, Illinois. He was the president of the Yorkville Motor Company, and had an agency at Minooka, Illinois, known as the Minooka Auto Company. On October 13, 1923, appellee purchased a Ford touring car from the Minooka Auto Company. The purchase price was $428, and appellee turned in an old car at $177. The balance of the purchase price was secured by a chattel mortgage to the Minooka Auto Company which was later

assigned to the Yorkville Motor Company. Appellee paid the Minooka Auto Company $25 for insurance premium covering the policy in question. He also paid two instalments on the purchase price of $50 each. On Sunday afternoon, March 29, 1924, the Ford touring car was stolen from the streets of Joliet, Illinois. Appellee notified the police of Joliet, and Clarence W. Clark, who was in charge of the Minooka Auto Company as the agent of Wright. Clark went to Joliet, had a talk with appellee, and with the police, but they were unable to get any trace of the car. Clark testified he sent appellant a telegram notifying it of the loss and later sent a letter to the same effect. Wright testified he got notice from Clark that the car was stolen; that he sent Clark to Joliet to get the details and he sent these details to the head office of appellant in Aurora.

The evidence shows that during the summer of 1923, W. O. Guyton, the attorney in fact of appellant, had a talk with Wright with reference to writing insurance upon cars which Wright was selling and financing. It was agreed that Wright should handle the insurance upon these cars and that he should receive compensation therefor. Guyton left thirty-five or forty applications with Wright and afterwards gave him fifty-five or sixty more applications. Wright filled out applications when cars were purchased, forwarded them to appellant who issued the policies and sent them to Wright. In each policy there was a mortgage clause making the loss, if any, payable to the Yorkville Motor Company as mortgagee. The first payment included the insurance and carrying charge, and on the policy in question $25 was paid by appellee to Wright to cover the insurance and carrying charges. Wright had an account with appellant of the policies which he had issued, and from time to time made remittances on the same. On December 5, 1923, appellant wrote Wright asking if he could forward the money on the

policy in question and some other policy, and stated that as the end of the year approached it was desirable to have all business settled to January 1. Appellant claims that it did not receive any reply from Wright on this notice and that on December 20, it canceled the policy in question, and the same was not in force at the time the automobile was stolen.

Appellee testified he signed an application in blank for the insurance, and the blanks were later filled by the salesman; that he did not know whether appellant ever received the premium, but that he paid $25 for the insurance; that he never notified appellant of this loss, but notified Clark, and Clark said he would notify appellant; that he never had the policy in his possession, but it was held by the Yorkville Motor Company because they had a mortgage on the car.

The declaration set out the policy *in hæc verba,* alleged that it was in force when the automobile was stolen; that the automobile was stolen, and at the time it was stolen it was worth $340; that immediately after the loss appellee notified appellant of the loss and appellant agreed to pay. It is insisted by appellant that there is no evidence which supports the allegation that, after the loss, appellant agreed to pay, and for this reason appellee did not prove all of the allegations of the declaration, and the finding should have been for appellant. In support of this contention *Bradley v. Illinois Automobile Ins. Co.,* 227 Ill. App. 572, is cited. The case cited does not sustain this contention. In that case the policyholder was sued for an accident, and a judgment was rendered against him. The insurance company refused to pay the judgment and suit was brought on the policy to compel such payment. There was no evidence that the company had any notice of the accident, and the insured attempted to bind the company by the verdict in the original case. In order to avoid the lack of notice, the insured alleged in his declaration that the company had taken charge of the

original suit and defended the same. The company filed the general issue and a special plea, alleging that the insured when sued in the original suit had refused to co-operate in the defense. The insured did not prove that the company had taken charge of the original suit and defended it. It was held that this was a material allegation of the declaration; that it was incumbent upon the insured to prove this allegation, and as he did not prove it there could be no recovery. In the case at bar it was not necessary for appellee, before he could recover, to prove that, after the loss, appellant had agreed to pay. This allegation was not material and there could be a recovery without such proof. All appellee was required to prove was the issuance of the policy, the loss of the automobile, the notification of appellant, and the amount of the loss. With these facts in evidence appellee was entitled to a judgment unless the evidence of appellant showed the contrary.

The policy provided that appellee should give the attorney in fact immediate written notice of any loss sustained. It is insisted that there can be no recovery for the reason that appellee did not notify Guyton, the attorney in fact, and that this was a condition precedent to his right to recover.

As before stated, as soon as the car was stolen, appellee notified Clark, who was the agent of Wright. Wright had taken the application, had sent it to appellant, he had received the policy, and had been paid a commission by appellant for securing the insurance. Clark immediately went to Joliet, made an investigation of the loss, sent a telegram to appellant notifying it of the loss, and subsequently sent a letter to the same effect. He reported his find to Wright and Wright notified appellant. It is true that there was no notice directly to Guyton, who was the person named in the policy to whom the notice of loss was to be made. Notice required by an insurance policy may be waived

by an agent of the company, if he has authority to solicit insurance, receive and forward applications, receive and deliver policies, and collect the premiums. *Davis v. Home Ins. Co.*, 233 Ill. App. 566. Wright had authority to do all of these things, therefore he had the right to waive the notice which was to be given to the attorney in fact and the evidence shows that he did waive it. Where a policy requires notice to be given to an attorney in fact, and the insured, after loss, gives notice to another agent of the company, it is a sufficient compliance with the policy where no objection is raised, and only the general issue is filed. *Boston Store v. Hartford Accident & Indemnity Co.*, 227 Ill. App. 192; *Ford v. Union Automobile Indemnity Ass'n*, 229 Ill. App. 264. If the defendant relies upon lack of notice it must be specially pleaded. *Briggs v. Bankers Accident Ins. Co.*, 214 Ill. App. 181. The declaration alleged notice to appellant and only the general issue was filed. Under the pleadings and the evidence it cannot be successfully insisted that failure to notify the attorney in fact defeated the cause of action.

It is also contended that the policy provided for arbitration, and there was no proof of a compliance with this provision. It is apparent that this point was not raised in the trial court, and that it could only have been raised by a special plea.

It is claimed that the premium on this policy was never paid, and for that reason, before the automobile was stolen, the policy was canceled by appellant. The secretary of appellant, on the trial, produced the copy of a letter which he testified he wrote appellee on December 20, 1920, canceling the policy. The policy provided that it might be canceled after five days' notice, by mailing a letter of cancellation to the insured, and by the return of one-third of the premium. There is no evidence that the letter canceling the policy was accompanied by any return premium. Under these

facts there was no cancellation.   If Wright was the agent of appellant and had the right to solicit insurance, and appellee paid him the full amount of the premium, and Wright had an open account with the appellant for policies issued upon which he made remittances from time to time, then the payment of the premium to Wright was a payment to appellant.   The unconditional delivery of a policy is not only a waiver of the prepayment of the premium, but it is prima facie proof that such premium was in fact paid.  *Briggs v. Bankers Accident Ins. Co.*, 214 Ill. App. 181.

We find no reversible error and the judgment will be affirmed.

*Judgment affirmed.*